Rex L. CAREY, Petitioner,

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

**Appeal No. 85–576.**

United States Court of Appeals, Federal Circuit.

July 26, 1985.

John M. Stokes, Dallas, Tex., submitted for petitioner.

Evangeline W. Swift, Gen. Counsel, Mary L. Jennings, Associate Gen. Counsel for Litigation and Paul G. Streb, Merit Systems Protection Board, Washington, D.C., submitted for respondent.

Before BENNETT, SMITH and BISSELL, Circuit Judges.

BENNETT, Circuit Judge.

This is an appeal from the final decision of the Merit Systems Protection Board (board), 22 M.S.P.R. 21 (1984), denying review of the initial decision of the board, No. DA34438311029, December 15, 1983, which dismissed the appeal of Rex L. Carey. The appeal was instituted due to Carey's separation from federal service in 1981 when his employer agency of 14 years, the Community Services Administration (CSA), was abolished and its programs were transferred to the Department of Health & Human Services (HHS) in the Office of Community Services. *See generally Certain Former CSA Employees v. Department of Health & Human Services,* 762 F.2d 978 (Fed.Cir. 1985) (discussing employee RIFs and transfer rights upon abolition of CSA). We affirm.

## BACKGROUND

Carey's appeal to the board, filed in 1983, alleged (1) that HHS had failed to operate a positive placement program for former CSA employees as required by 5 C.F.R. § 330.302(b) (1983); (2) that the Office of Personnel Management had failed to operate a Displaced Employee Program for former CSA employees, or to cooperate with HHS, as required by 5 C.F.R. §§ 330.-302–.306; and (3) that HHS had not selected permanent and temporary employees on the basis of their retention standing in accordance with the court order in the case of

*National Council of CSA Locals v. Schweiker*, No. 81–2267 (D.D.C. October 9, 1980).[1]

Acknowledging the duty of HHS and OPM to operate programs as described for displaced CSA employees, the initial decision of the board nevertheless held, as to Carey's allegations (1) and (2) above, that it was without jurisdiction "to review an agency's actions in connection with its placement programs except where an employee demonstrates that he is entitled to appeal pursuant to the provisions of 5 C.F.R. § 330.202 (1983)."[2] As Carey's claims dealt generally with former CSA employees and not any specific, identifiable action taken by the agency against him personally, the board held that he had not presented the "factual information" required by section 330.202 to establish jurisdiction. As to allegation (3), the board found that there was no authority which would empower it to enforce a district court order.

## OPINION

■ Appellant argues in the abstract that "when the agency failed to implement an effective positive employment program, and failed to take any action with regard to Rex Carey under this program or the Displaced Employee Program while hiring other persons into these positions, Rex Carey was 'denied restoration rights because of the employment of another person,' as required by the regulations." No standing, however, is afforded by section 330.202 to appeal to the board from alleged deficiencies in the general operation of the programs challenged here. Rather, Carey should have brought before the board such a case or controversy as would have enabled it to evaluate a claim of a discernible injury to him, not a generalized grievance over matters of agency management.

While Carey has complained that CSA and HHS did not establish programs effective in promoting the rehiring of ex-employees of the CSA, his appeal did not with adequate particularity attribute to the alleged failure any specific injury suffered by him. In effect, Carey has asked the board to remedy an injury which he himself is unable or unwilling to detail. This, according to section 330.202, is a burden which he must carry if he is to invoke the power of the board to consider his appeal.

Carey advances only the proposition that logically he must have been injured by the alleged omissions. The board, however, is not empowered to take up appeals for the purpose of confirming a petitioner's belief in either logic or suspicion. This is not a basis for jurisdiction. Authorized appeals are those appealable under law, rule, or regulation. 5 U.S.C. § 7701(a) (1982). Here 5 C.F.R. § 330.202 authorizes an appeal on a showing of specified factual information. Since petitioner has not complied with the regulation, he has not stated an appealable case. The burden of showing jurisdiction is on petitioner. 5 C.F.R. § 1201.56(a)(2). In relation to positive placement or displaced employee programs the board functions to review allegations of specific harms and the causation thereof. This it cannot legally or practically begin to do if it is not provided with the "factual information" required by section 330.202. That information must be explicit as to a detriment improperly imposed because of employment of another. Only thus can the inquiry of the board be reasonably focused. Further, the scope of jurisdiction argued by Carey and generally set forth in 5 C.F.R. § 1201.3(a)(1) (removal or reduction in grade of competitive or preference eligible

---

1. Carey has an additional appeal pending before the board, No. DA0330831074, in which he is alleging his failure to be appointed to specific HHS positions. The initial board decision in that matter, like the decision on appeal here, was dated December 15, 1983.

2. 35 C.F.R. § 330.202 *Reemployment priority list appeals.*

"An employee or former employee who thinks his or her reemployment priority rights under this subpart have been violated is entitled to appeal to the Merit Systems Protection Board under the provisions of the Board's regulations by presenting factual information that he or she was denied restoration rights because of the employment of another person."

employees) and § 1201.3(a)(7) (actions involving reinstatement of preference eligibles) does not describe any right to appeal alleged deficiencies in the general operation of the displaced employee programs.

In short, while the objective to be sought under section 330.202 should be something akin to securing a new position for an employee, what Carey seeks instead in this appeal is the establishment of new or better personnel programs in HHS and OPM. Such an objective is not attainable through the board. The argument that such factual allegations as required by section 330.202 are not needed to establish jurisdiction is contrary to the plain meaning of the regulation. *See Benningfield v. Department of Transportation,* 21 M.S.P.R. 190 (1984). Accordingly, Carey has failed to carry his burden to establish the jurisdiction of the board. *See, e.g., Burgess v. Merit Systems Protection Board,* 758 F.2d 641, 643 (Fed. Cir.1985); *Manning v. Merit Systems Protection Board,* 742 F.2d 1424, 1427 (Fed. Cir.1984). His appeal as to the conduct of HHS and OPM was correctly dismissed.

■ Finally, the question of HHS compliance with the district court order is pressed on the board and this court. If indeed Carey is one of the beneficiaries having standing to enforce the terms of that order, he has approached the wrong forum in which to do so. As no authority has been presented which empowers the board to oversee compliance with an order of a district court, *see* 5 U.S.C. § 1205(a), Carey has failed to carry his burden of proof on jurisdiction in that regard. *See Burgess,* 758 F.2d at 643; *Manning,* 742 F.2d at 1427. This aspect of Carey's appeal was also correctly dismissed.

AFFIRMED.