951 F.2d 1267
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Robert W. CURTIUS, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 91-3477.
 United States Court of Appeals, Federal Circuit.
 Dec. 19, 1991.
 
 Before RICH, RADER and ALARCON,* Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Robert W. Curtius appeals from the February 25, 1991 Initial Decision of the Administrative Judge (AJ), dismissing Mr. Curtius' appeal for lack of jurisdiction, Docket No. PH03309110288, which became the final decision of the Merit Systems Protection Board (MSPB) when it denied review on June 12, 1991. We affirm.
 
 OPINION
 
 2
 We are not persuaded that the AJ erred in holding that Mr. Curtius had not raised an issue in his appeal within the scope of authorized MSPB review for violation of reemployment priority list (RPL) rights under 5 CFR 330.209 (1991). Even assuming, contrary to the AJ's finding, that Mr. Curtius' appeal concerns the "employment of another person," 5 CFR 330.209, that "person" was not one "who otherwise could not have been appointed properly...." Id. Mr. Curtius concedes that the Supervisory Industrial Specialist position he sought was filled by someone else who was temporarily promoted to the position after the retirement of another employee. Under 5 CFR 330.205(a), the types of employment of others which would violate Mr. Curtius' RPL rights are limited to certain new appointments, transfers, or reemployments; the prohibition against these types of employment where RPL rights are concerned "does not apply to actions involving employees on an agency's rolls, as authorized in chapter 330 of the Federal Personnel Manual...." 5 CFR 330.205(b). The stated limitations on method for filling positions in 5 CFR 330.205(a) do not prevent an agency from filling a vacancy by detail or position change, such as by promotion of a current, qualified agency employee. Fed. Personnel Manual ch. 330, S1-3(c.) (2)(a) (February 22, 1991).
 
 
 3
 Nor do we find any merit in Mr. Curtius' contention that to have raised these issues during his separate appeal of the reduction in force (RIF) would have amounted to improper ex parte communication. We further note that a petition for review of the RIF decision has not been filed.
 
 
 4
 Lastly, we do not find persuasive Mr. Curtius' attempt to characterize this appeal as one arising from a violation of the Department of Defense's Priority Placement Program (PPP), which Mr. Curtius attempts to distinguish as separate and apart from an RPL program. While, as Mr. Curtius correctly notes, 5 CFR 330.307(a)(2) requires federal agencies to operate a "positive placement program for its own surplus and displaced employees," that regulation expressly encompasses the RPL regulations, i.e., "Subpart B," 5 CFR 330.201-.209. Though the Office of Personnel Management (OPM) through its regulations has provided for MSPB appeals from certain RPL violations, Mr. Curtius has failed to identify any statute or regulation extending that right of appeal to violations of individual agency positive placement program provisions above and beyond the RPL procedures with which all agencies must comply. See also Carey v. Merit Sys. Protection Bd., 768 F.2d 1338, 1339 (Fed.Cir.1985) (appeal from agency's failure to implement a positive placement program and take action with regard to petitioner thereunder properly dismissed; petitioner failed to allege specific facts as to detriment improperly imposed due to employment of another under applicable RPL appeal provision (at that time 5 CFR 330.202 (1983)); Sanborn v. Dep't of the Navy, 15 MSPR 553 (1983) (appeal from agency's failure to select employee for a position under its priority placement program properly dismissed for lack of jurisdiction; no right of appeal from such actions exists).
 
 
 5
 The MSPB's jurisdiction is limited to those actions made appealable to it by law, rule or regulation. 5 USC §§ 1204(a)(1), 7701(a); Roche v. United States Postal Serv., 828 F.2d 1555, 1557 (Fed.Cir.1987). The burden was on Mr. Curtius to establish the MSPB's jurisdiction over this appeal by a preponderance of the evidence. 5 CFR 1201.56(a)(2)(i); Carey, 768 F.2d at 1339. We agree with the AJ that Mr. Curtius failed to carry his burden.
 
 
 
 *
 The Honorable Arthur L. Alarcon, Circuit Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation