968 F.2d 1227
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Thomas E. HALE, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 92-3025.
 United States Court of Appeals, Federal Circuit.
 May 21, 1992.
 
 Before NIES, Chief Judge, SKELTON, Senior Judge, and LOURIE, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Thomas E. Hale petitions for review of a Merit Systems Protection Board decision, Docket No. CH03539110378, dismissing his petition for review for lack of jurisdiction. We affirm.
 
 DISCUSSION
 
 2
 Hale was employed by the United States Postal Service from May 14, 1979 until his termination for cause on May 13, 1988. On August 16, 1990, Hale wrote the Postal Service requesting reinstatement. The Postal Service denied his request for reinstatement on January 15, 1991. On March 21, 1991, Hale appealed the denial of reinstatement to the Board. The Administrative Judge (AJ) determined that the Board would have jurisdiction over Hale's appeal only if Hale were seeking restoration to employment following military duty or following recovery from a compensable on-the-job injury. 5 C.F.R. § 353.101. Finding no such circumstances, the AJ dismissed Hale's appeal, determining that the Board has "no jurisdiction over the case of a former employee--such as the appellant--who is simply seeking reinstatement following former employment with the agency."
 
 
 3
 The Government states that Hale argued before the Board that he was separated due to a compensable injury. It is not clear that Hale is presenting that argument here. In any event, an employee who has been removed for cause rather than a compensable injury is not entitled to restoration and cannot appeal to the Board. Minor v. Merit Sys. Protection Bd., 819 F.2d 280, 282 (Fed.Cir.1987).
 
 
 4
 It is well-settled that the jurisdiction of the Board is limited to those actions made appealable to it by law, rule or regulation. Roche v. United States Postal Serv., 828 F.2d 1555, 1557 (Fed.Cir.1987); 5 U.S.C. §§ 1204(a)(1), 7701(a). The burden is upon Hale to establish the Board's jurisdiction over his appeal. Carey v. Merit Sys. Protection Bd., 768 F.2d 1338, 1339 (Fed.Cir.1985); 5 C.F.R. § 1201.56(a)(2). Hale has not shown that the Board had jurisdiction and, hence, the Board's decision must be affirmed.