988 F.2d 130
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Joyce M. MANGUM, Petitioner,
v.
DEPARTMENT OF ENERGY, Respondent.
 No. 92-3399.
 United States Court of Appeals, Federal Circuit.
 Jan. 14, 1993.
 
 53 M.S.P.R. 177.
 AFFIRMED.
 Before LOURIE, CLEVENGER and RADER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Joyce M. Mangum petitions for review of the October 22, 1991 decision of the Administrative Judge (AJ), Docket No. SE0353910529I-1, dismissing her appeal for lack of jurisdiction. The AJ's decision became the final decision of the Merit Systems Protection Board when the Board denied review on March 16, 1992. Because Ms. Mangum's appeal does not fall within the coverage of the statutory provisions protecting veterans' reemployment rights, we affirm.
 
 DISCUSSION
 
 2
 Ms. Mangum was appointed to a position as a Purchasing Agent, GS-6, with the Department of Energy (agency) on July 16, 1989. Although she met the time-in-grade requirement for promotion to the GS-7 level on July 15, 1990, she was not promoted. On August 28, 1990, Ms. Mangum, a member of the Army Reserve, was ordered to active duty by the President in support of Operation Desert Storm/Desert Shield. Her period of active duty with the Army was extended through August 4, 1991. On January 13, 1991, Ms. Mangum was given a within-grade step increase by the agency.
 
 
 3
 While still on active duty, Ms. Mangum applied for a GS-7 Transportation Operations Specialist position with the General Services Administration (GSA) and was transferred to that position on June 16, 1991. After her release from active duty on August 4, 1991, Ms. Mangum reported directly to the GSA.
 
 
 4
 On August 16, 1991, Ms. Mangum filed an appeal with the Board alleging that she was "improperly restored" in contravention of the Vietnam Era Veteran's Readjustment Assistance Act of 1974 (Act), Pub.L. 93-508 (codified at 38 U.S.C. §§ 2021-2026 (1988)). Ms. Mangum sought retroactive pay she claimed she should have received but for the agency's failure to promote her to the GS-7 level in July, 1990. The agency moved to dismiss the appeal for lack of jurisdiction. Because Ms. Mangum did not establish that she applied to the agency for restoration of her rights pursuant to 5 C.F.R. § 353.301(a) (1992), the Board concluded that it lacked jurisdiction to hear the restoration claim and granted the agency's motion to dismiss. We affirm the Board's decision to dismiss the appeal for lack of jurisdiction, not because of a lack of application for restoration, but because a claim for pay arising from an agency's alleged failure to promote an employee is not a claim covered by the Act.
 
 
 5
 Under 38 U.S.C. §§ 2021 and 2024 (1988), a veteran returning to civilian employment from active duty is entitled to reinstatement without loss of seniority and benefits. The purpose of the veterans' reemployment statute is "to provide as nearly as possible that persons called to serve their country in the armed forces should, upon returning to work in civilian life, resume their old employment without any loss because of their service to their country." Accardi v. Pennsylvania R.R. Co., 383 U.S. 225, 228 (1966) (referring to former 50 U.S.C. § 459, now codified at 38 U.S.C. § 2021).
 
 
 6
 Although Ms. Mangum requests "restoration" to a GS-7 position to which she claims she should have been promoted, she cannot invoke the protective provisions of the Vietnam Era Veteran's Readjustment Assistance Act for such a claim. The protection afforded by the Act clearly is limited to restoration of veterans' reemployment rights. Ms. Mangum, however, does not seek reemployment or reinstatement to her former position in the agency. She voluntarily transferred to another position within the government and she has been restored to that position. What Ms. Mangum essentially wants is back pay from her former employer for a delayed promotion, and that is not a restoration right covered by the Act.
 
 
 7
 The law is well settled that the Board's jurisdiction is limited to those actions made appealable by law, rule, or regulation. Roche v. United States Postal Serv., 828 F.2d 1555, 1557 (Fed.Cir.1987); Carey v. Merit Sys. Protection Bd., 768 F.2d 1338, 1339 (Fed.Cir.1985). Although 5 C.F.R. §§ 353.401(a) (1992) authorizes appeals to the Board concerning "an agency's failure to restore or improper restoration," the Board was without jurisdiction to hear Ms. Mangum's appeal because it did not concern restoration of reemployment rights. Neither does Ms. Mangum's appeal invoke Board jurisdiction under 5 U.S.C. §§ 1204, 7701, or 7702. Because no law, rule, or regulation gives the Board authority to hear Ms. Mangum's appeal, the Board's decision to dismiss for lack of jurisdiction is affirmed.