**Vivien L. MINOR, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

**Appeal No. 87–3024.**

United States Court of Appeals, Federal Circuit.

May 15, 1987.

Anton G. Hajjar, O'Donnell, Schwartz and Anderson, Washington, D.C., for petitioner.

Llewellyn M. Fischer, Gen. Counsel, Mary L. Jennings, Deputy Gen. Counsel, David C. Kane, Reviewer for Litigation and Anita Marshall, Merit Systems Protection Bd., Washington, D.C., for respondent.

Before DAVIS, Circuit Judge,
BENNETT, Senior Circuit Judge, and
ARCHER, Circuit Judge.

DAVIS, Circuit Judge.

Vivien L. Minor seeks review of the final decisions of the Merit Systems Protection Board (MSPB or Board), MSPB Docket No. DC03538610145, dismissing, for lack of jurisdiction, her appeal from the United States Postal Service's (Postal Service or agency) denial of her request to restore her to her former position as distribution clerk. We affirm the Board's decisions dismissing Minor's appeal to it.

I.

On December 19, 1980 petitioner allegedly suffered an injury while riding an escalator at her place of work. She asserted that the escalator step upon which she was standing collapsed and that this accident resulted in a compensable on-the-job injury. She subsequently filed a claim with the Office of Workers' Compensation Programs (OWCP) in the Department of Labor. OWCP at first awarded Minor a 45-day continuance of pay and allowed workers' compensation benefits until July 28, 1982 at which time OWCP terminated all benefits. In 1981 the Postal Service became suspicious about the accident and conducted an investigation into petitioner's medical history and the operation of the escalator. At the completion of the investigation, the Service concluded that the accident could not have occurred in the manner claimed by petitioner, and therefore opposed her compensation claim (as to which an award had already been made).

The agency sent petitioner a letter on August 14, 1981 informing her that she would be removed from the position of distribution clerk effective September 18, 1981 because she had filed a false injury claim. Minor grieved the removal action and was put in a non-pay, non-duty status pending resolution. She subsequently sought arbitration when the grievance was not resolved.[1] On November 2, 1982 the arbitrator, after analyzing the site of the accident and hearing testimony, concluded that the accident could not have happened as Minor described. The arbitrator advised her that she could resign effective September 18, 1981 and have the removal notice deleted from her file, or, alternatively, consider the notice of removal to be for just cause. Minor did not voluntarily resign and the Postal Service removed her on December 14, 1982.

---

1. Because petitioner was apparently not a preference eligible she had no right to appeal her removal to the MSPB but had to pursue the grievance process under her agency's collective bargaining agreement with the union. *See* 5 U.S.C. § 7511(a)(1)(B); 39 U.S.C. § 1005(a); 39 U.S.C. § 1206.

In October 1982 the agency asked OWCP to review its compensation award and, after a hearing, OWCP rejected petitioner's compensation claim on the ground that the accident had never occurred. In August 1984, the Employees' Compensation Appeals Board overturned that decision and remanded to OWCP for a de novo decision. It was then that OWCP finally terminated all petitioner's benefits as of July 28, 1982.

Minor then sought restoration to the position she had held with the Postal Service in the manner provided by 5 C.F.R. § 353.-307 (implementing 5 U.S.C. § 8151(b)).[2] By letter of December 31, 1985, the agency denied her request because she was removed for cause after filing a false claim.

Minor appealed to the Board, contending that the Postal Service had wrongfully refused to restore her to duty under 5 C.F.R. § 353.307, *supra*. In an initial decision (March 21, 1986), the presiding official found that Minor had been removed for cause, having filed a false claim, and not for reasons substantially related to a compensable injury. The presiding official therefore concluded that Minor was not entitled to restoration. On Minor's petition for review of the initial decision, the full Board discussed the matter and upheld the presiding official's position. 31 M.S.P.R. 369 (1986). This appeal to us followed.

## II.

■ It is settled that the Board's jurisdiction is not plenary and is limited to actions appealable to it "under any law, rule, or regulation." 5 U.S.C. § 7701(a). *See, e.g., Cowan v. United States*, 710 F.2d 803, 805 (Fed.Cir.1983). Minor, of course, bears the burden of showing that the Board had jurisdiction in this matter. *See* 5 C.F.R. § 1201.56(a)(2).

■ Under 5 C.F.R. § 353.307, *supra,* an employee who has been separated due to a compensable injury or for reasons substantially related to a compensable injury,[3] and whose recovery takes longer than one year, is entitled to priority consideration for restoration to the position previously held, or to a position substantially equivalent. *See Ruppert v. United States Postal Serv.*, 8 MSPB 256, 8 M.S.P.R. 593 (1981). An employee who has been denied reinstatement can properly take an appeal to the Board. 5 C.F.R. § 353.401.

■ The question is therefore whether Minor was separated as a result of a "compensable injury." An employee who has been removed for cause rather than a compensable injury is not entitled to restoration and cannot appeal to the Board. *Cox v. Merit Sys. Protection Bd.*, 817 F.2d 100, 101 (Fed.Cir.1987); *see also Miller v. United States Postal Serv.*, 3 MSPB 418, 3 M.S.P.R. 336 (1980). As this court stated in *Cox:* "[b]y definition, separation *as a result of* a compensable injury excludes a valid removal for cause unrelated to the employee's compensable injury" (emphasis in original). In Ms. Minor's case the record is plain that (1) she was first removed by the Postal Service for falsifying the accident which she had reported as the cause of her compensable injury; and (2) the arbitrator, after a hearing, upheld that removal on the very basis the agency placed it. The arbitrator's decision has become final and Minor was, in fact, removed.

---

**2.** 5 C.F.R. § 353.307 declares:

An employee who was separated because of a compensable injury and whose recovery takes longer than 1 year from the date compensation began (or from the time compensable disability recurs if the recurrence begins after the injured employee resumes regular fulltime employment with the United States), is entitled to priority consideration for restoration to the position he or she left or an equivalent one provided he or she applies for reappointment with 30 days of cessation of compensation. (See Parts 302 and 330 of this chapter for more information on how this may be accomplished for the excepted and competitive services, respectively.)

**3.** The addition of "or for reasons substantially related to a compensable injury" appears in MSPB decisions, not in the statute or regulation. We accept it for this case without holding definitively that it is a proper gloss. The Federal Personnel Manual (ch. 353, subch. 2, ¶ 2–6a(1)) speaks of a requirement of restoration unless the employee "was separated because of reduction in force, for cause, or for other reasons unrelated to the injury."

The complexity arises from the formal ruling of the Employees' Compensation Appeals Board (in August 1984) that the escalator incident had occurred as Ms. Minor had described it. Thus there are two final determinations directly opposing each other—one made by the Employees' Compensation Appeals Board and the other by the arbitrator. Which is dominant in this case?

Petitioner points first to 5 U.S.C. § 8151(b), giving employees whose compensable injury has been "overcome" certain restoration rights; she contends that the clause provides an unqualified right to such restoration. But the statute, especially as filled out and interpreted by the Office of Personnel Management regulation, fn.2, *supra* (a regulation is expressly authorized and called for by the legislation) gives such right only to those employees *separated because of the injury.* Ms. Minor was, however, not separated because of her injury, but because of her falsification.

 Next, petitioner invokes the federal employees compensation statute (5 U.S.C. § 8128(b)) providing that the "action of the Secretary [of Labor] or his designee in allowing or denying a payment" under that Act "is (1) final and conclusive for all purposes and with respect to all questions of law and fact; and (2) not subject to review by another official of the United States or by a court by mandamus or otherwise." That provision obviously relates only to the Labor Department's decisions on the making or denying of compensation awards. That realm is the Labor Department's authorized area, and § 8128(b) does not prevent an employing agency from deciding, in an authorized adverse action, that the employee had received a compensation award through making a false claim for which removal is the appropriate penalty. That is the sphere of the employing agency and of the MSPB or arbitrator on review of the adverse action.[4] And as this court said in *Cox*, a decision of OWCP or the Employees' Compensation Appeals Board "does not bind" the MSPB acting within its own separate statutory sphere of deciding the propriety of restoration. Certainly, in deciding the reason for petitioner's separation, the MSPB is authorized to accept the agency's and the arbitrator's final and lawful decisions that petitioner had falsified her report of injury and been removed for that reason. Even though much the same facts and evidence may have been before the agency-plus-arbitrator and also before the Employees' Compensation Appeals Board, it was the agency-and-arbitrator that had power to decide her fraudulent acts and to remove her on that ground. Within the meaning of the applicable regulations, that separation for falsification was *not* "because of a compensable injury" nor was it "substantially related to her compensable injury" nor was it for a reason "related to the [compensable] injury."[5]

AFFIRMED.

---

4. In *Miller v. U.S. Postal Service,* 26 M.S.P.R. 210, 213 (1985), the MSPB held, on review initiated by a preference eligible of such an adverse action, that § 8128 did not bar the Board from ruling "upon the issue of whether the [employee] committed fraudulent actions in obtaining those benefits. While the issue of [an employee's] entitlement to FECA [Federal Employees Compensation Act] benefits is within the exclusive jurisdiction of the OWCP, the issue of the [employee's] fraudulent conduct in those proceedings is not."

5. Petitioner disavows use of the principles of former adjudication but we point out that, if those principles were applied to this case, the facts found by the arbitrator would prevail because his decision preceded the ruling of the Employees' Compensation Appeals Board.