848 F.2d 1244
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Joseph L. DESHIELDS, Petitioner,
v.
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Respondent.
 No. 87-3503.
 United States Court of Appeals, Federal Circuit.
 May 6, 1988.
 
 Before BISSELL, Circuit Judge, COWEN, Senior Circuit Judge, and MICHEL, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 The final decision of the Merit Systems Protection Board (Board), Docket No. AT07528710319, dismissing the appeal of Joseph L. DeShields, Jr. for untimeliness, is affirmed.
 
 OPINION
 
 2
 The Board's regulations require an aggrieved employee to file an appeal within twenty days after an adverse action. 5 C.F.R. Sec. 1201.22(b) (1987). This DeShields failed to do. The Board, nevertheless, has discretion to waive the time limit for filing. 5 C.F.R. Secs. 1201.12, 1201.22(c); Alonzo v. Department of the Air Force, 4 MSPB 262, 264, 4 M.S.P.R. 180, 184 (1980). On reviewing the record, the Board determined in this case that DeShields had not presented justifiable reasons for waiving the filing requirement. Our standard for reviewing such a decision is limited to determining whether it is arbitrary, an abuse of discretion, or otherwise not in accordance with the law; 5 U.S.C. Sec. 7703(c)(1) (1982); see Phillips v. United States Postal Serv., 695 F.2d 1389, 1390-91 (Fed.Cir.1982). DeShields has failed to demonstrate any reversible error in the Board's decision.
 
 
 3
 Here DeShields asserts that he is entitled to a hearing on the issues relating to his removal as a matter of law. An appellant has a right to a Board hearing on the merits of his appeal only after he has established that the Board had jurisdiction over his appeal. See 5 C.F.R. Sec. 1201.56(a)(2); Minor v. Merit Sys. Protection Bd., 819 F.2d 280, 282 (Fed.Cir.1987). Unless there are disputed issues of fact on the timeliness issue that require a hearing for resolution, neither 5 U.S.C. Sec. 7701(a)(1) (1982) nor the Due Process Clause of the United States Constitution requires the Board to hold a hearing before determining whether an appellant has shown good cause for waiving the time limits for appeal. Womak v. Merit Sys. Protection Bd., 798 F.2d 453, 455-56 (Fed.Cir.1986). Because there were no disputed issues of fact on the timeliness issue, DeShields was not entitled to have the Board consider the merits of his claim.