918 F.2d 186
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Gladys J. MORAN, Petitioner,
v.
DEPARTMENT OF JUSTICE, Respondent.
 No. 90-3208.
 United States Court of Appeals, Federal Circuit.
 Oct. 10, 1990.
 
 Before RICH, Circuit Judge, SKELTON and BALDWIN, Senior Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Gladys J. Moran (Moran) appeals from the April 24, 1989, decision of the Administrative Judge (AJ), docket DC34438910226, which became the final decision of the Merit Systems Protection Board (board) when the board denied review on February 2, 1990. The AJ dismissed Moran's appeal for lack of jurisdiction. We affirm.
 
 OPINION
 
 2
 The Board's jurisdiction "is limited to actions appealable to it 'under any law, rule, or regulation.' " Minor v. Merit Systems Protection Bd., 819 F.2d 280, 282 (Fed.Cir.1987). Under 5 U.S.C. Sec. 7513(d), the board has jurisdiction to entertain appeals of agency actions that are "adverse" to "employees."
 
 
 3
 The board found that there was no "adverse" agency action against Moran (because she voluntarily resigned) and that Moran was not an "employee" as defined in 5 U.S.C. Sec. 7511(a)(1). These findings are not clearly erroneous, and either of them is sufficient to support the board's finding of no jurisdiction.
 
 
 4
 Although Moran now asserts that she "resigned under coercion and duress," the record belies that assertion. It indicates that she voluntarily resigned when reminded that her appointment was soon to expire. Moran also asserts that she was a preference eligible in the excepted service. Once again, that argument finds no support in the record. Moreover, the agency chose, within its discretion, not to convert Moran's two-year appointment in the excepted service to the competitive service. See Reed v. Department of the Army, 14 M.S.P.R. 271, 274 (1982).