42 F.3d 1410
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Norma WRIGHT, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 94-3359.
 United States Court of Appeals, Federal Circuit.
 Nov. 29, 1994.
 
 Before ARCHER, Chief Judge, NIES and LOURIE, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Norma Wright petitions for review of the April 20, 1994 decision of the Merit Systems Protection Board (board), Docket No. NY-0353-93-0384-I-1, dismissing her appeal seeking restoration to employment with the United States Postal Service (Postal Service or agency). The board determined that Wright was not denied her restoration rights as a partially recovered employee under 5 C.F.R. Part 353. The board further found that, in any event, Wright was not covered by Part 353 because her removal from the Postal Service was for cause, not as a result of a compensable injury. We affirm.
 
 DISCUSSION
 
 2
 Wright, a nonpreference eligible employee, began working for the agency in 1983. On November 7, 1987, she was injured on the job. The agency assigned her to limited duty while she received medical treatment and examination. In January 1991, the agency offered Wright an eight hour per day position tailored to her medical restrictions. It later informed her that the position could be limited to four hours per day. Wright declined the job offer, relying on her doctor's advice. On May 23, 1991, the Department of Labor's Office of Workers' Compensation Program (OWCP) determined that Wright's compensation for her injury would cease effective June 2, 1991. That decision was affirmed in May 1993 by the Department of Labor's Employees' Compensation Appeals Board (ECAB). The ECAB also opined that the position the agency offered Wright in February 1991 was unsuitable for her.
 
 
 3
 On July 3, 1991, the agency notified Wright that it proposed to remove her because she was absent without leave (AWOL) from February 12, 1991 to the date of the notice and because she failed to report for duty or submit satisfactory evidence to substantiate her absence, as directed by agency letters sent to her on February 28, and March 29, 1991. The agency removed Wright effective August 13, 1991.
 
 
 4
 On June 28, 1993, Wright appealed to the board. In the Initial Decision, the administrative judge (AJ) found that Wright's removal was substantially related to her compensable injury and thus the board had jurisdiction to hear the appeal under 5 C.F.R. Part 353. The AJ further found that Wright was a partially recovered employee within the meaning of 5 C.F.R. Sec. 353.304 and concluded that the agency's failure to place Wright in a position commensurate with her medical restrictions was an arbitrary and capricious denial of Wright's restoration rights.
 
 
 5
 On the agency's petition for review, the board reversed the AJ's initial decision. The board, noting that it is not bound by the opinions of the OWCP or the ECAB, concluded that the agency's employment offer in February 1991 was reasonable and not an improper offer of restoration. Moreover, the board noted that Wright failed to even request restoration. Thus the board found that the agency had not arbitrarily and capriciously denied Wright her restoration rights. The board further found that Wright was removed for cause, and not for reasons substantially related to her compensable injury, because she remained in an AWOL status after the OWCP terminated her compensation for injury and she failed to respond to agency inquiries about her status. Thus Wright was not covered by Part 353. The board therefore dismissed her appeal.
 
 
 6
 Under our standard of review, we must affirm a decision of the board unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988).
 
 
 7
 The board is free to substitute its judgment, either on the facts or on the law, for that of the AJ, with deference to the AJ as to any issues of credibility. Connolly v. Department of Justice, 766 F.2d 507, 512 (Fed.Cir.1985). That the decision of the board differs from the decision of the AJ does not alter the requirement that this court evaluate the board's final decision under the substantial evidence standard. Jackson v. Veterans Admin., 768 F.2d 1325, 1330 (Fed.Cir.1985).
 
 
 8
 The regulations governing restoration to duty from compensable injuries require that "[a]gencies must make every effort to restore, according to the circumstances in each case, an employee or former employee who has partially recovered from a compensable injury and who is able to return to limited duty." 5 C.F.R. Sec. 353.304. For partially recovered employees, the board has jurisdiction to determine "whether the agency is acting arbitrarily and capriciously in denying restoration." 5 C.F.R. Sec. 353.401(c). In such cases, the board may review the sufficiency of the restoration offered only to the extent it may amount to an effective denial of restoration.
 
 
 9
 We agree with the board that the agency did not arbitrarily and capriciously deny Wright restoration. Substantial evidence supports the board's finding that the Postal Service reasonably provided restoration to Wright when it offered her the choice of either an eight hour per day position or a four hour per day position, with proper allowance for medical restrictions to ensure that she would be able to perform the required duties. Thus, the board did not err in rejecting Wright's contention that she was denied restoration.
 
 
 10
 We also agree with the board that Wright is not covered by 5 C.F.R. Part 353 because she was removed for cause. Wright cites Parkinson v. United States Postal Service, 55 M.S.P.R. 552, 554 (1992), for the proposition that a removal action based on AWOL is not proper when OWCP determines that the employee is entitled to compensation benefits as a result of a compensable injury for the entire period of the charged AWOL. That holding is inapposite to the instant case. Here, the board found that Wright's injury and OWCP compensation for that injury ceased and that Wright continued to be AWOL for more than a month before the agency sent her the removal notice. The board therefore properly concluded that Wright's removal was for cause and not the result of, or substantially related to, her compensable injury.
 
 
 11
 The board properly dismissed Wright's appeal under 5 C.F.R. Part 353. An employee of the Postal Service cannot appeal to the board under the provisions of Part 353 if that employee is removed for cause, rather than for reasons substantially related to a compensable injury. Minor v. Merit Systems Protection Board, 819 F.2d 280, 282 (Fed.Cir.1987). Accordingly, the decision of the board is affirmed.