50 F.3d 21
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Elliott CHAMBERLAIN, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 94-3251.
 United States Court of Appeals, Federal Circuit.
 March 16, 1995.
 
 Before MAYER, CLEVENGER, and RADER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Elliott Chamberlain petitions for review of the final decision of the Merit Systems Protection Board dismissing his appeal for lack of jurisdiction. The board's initial decision of September 21, 1993, Docket No. PH-3443-93-0460-I-1, became final when the full board denied the petition for review on February 8, 1994. We dismiss for lack of jurisdiction.
 
 
 2
 The board's jurisdiction is limited to those areas specifically granted by law, rule, or regulation. 5 U.S.C. Sec. 7701(a) (1988); Cowan v. United States, 710 F.2d 803, 805 (Fed.Cir.1983). Chamberlain bears the burden of establishing the board's jurisdiction over his appeal. Minor v. Merit Sys. Protection Bd., 819 F.2d 280, 282 (Fed.Cir.1987).
 
 
 3
 As a 30% compensably injured preference eligible veteran, Chamberlain could appeal the sufficiency of the Postal Service's reasons not to hire him to OPM because 5 C.F.R. Sec. 339.306(b)(2) (1993) provided such a limited right. Pursuant to the regulation, if OPM determines that the Postal Service's reasons for not hiring a 30% compensably injured preference eligible veteran are insufficient, OPM can disapprove the action. In this case, OPM found the Postal Service's reasons insufficient and the Postal Service subsequently hired Chamberlain. OPM's decision was obviously in Chamberlain's favor and he was granted complete relief under the regulation--he was hired. Any other relief sought as a result of the insufficiency of the Postal Service's decision not to hire Chamberlain are beyond the limited rights conferred by 5 C.F.R. Sec. 339.306(b)(2) (1993). The regulation cannot serve as the basis for appeal of any of the other agency decisions that Chamberlain contests.
 
 
 4
 Chamberlain has not pointed us to any law, rule, or regulation which would permit the board to review an agency decision not to select an individual for initial appointment or for subsequent promotion. Nor has he established the board's jurisdiction over the agency's denial of a request for transfer or the decision not to change his seniority date. The Civil Service Reform Act established the board's jurisdiction and provides the sole means for federal employees to challenge employment actions and forecloses remedies not provided by the Act. United States v. Fausto, 484 U.S. 439 (1988). Chamberlain has not shown that the board's jurisdiction includes any of the agency decisions he seeks to appeal.