78 F.3d 603
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Thomas Y. DEMPSEY, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 96-3002.
 United States Court of Appeals, Federal Circuit.
 Feb. 6, 1996.
Rehearing Denied Feb. 28, 1996.
 
 Before MAYER, PLAGER, and SCHALL, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Thomas Y. Dempsey petitions for review of the final decision of the Merit Systems Protection Board ("Board") in docket No. AT-0831-95-0647-I-1.[1] In its decision, the Board dismissed Dempsey's appeal for lack of jurisdiction. We affirm.
 
 DISCUSSION
 
 2
 A petitioner seeking review of agency action by the Board bears the burden of establishing that the Board has jurisdiction to hear the appeal. 5 C.F.R. § 1201.56(a)(2)(i) (1995); Minor v. Merit Sys. Protection Bd., 819 F.2d 280, 282 (Fed.Cir.1987). The Board has only that jurisdiction which is conferred upon it by statute or regulation, 5 U.S.C. § 1204(a)(1) (1994); King v. Reid, 59 F.3d 1215, 1217 (Fed.Cir.1995), and that jurisdiction is limited, Dowd v. United States, 713 F.2d 720, 722 (Fed.Cir.1983). Pursuant to 5 C.F.R. § 831.110 (1995) "an individual ... whose rights or interests under the Civil Service Retirement System ... are affected by a final decision of [OPM] ... may request the Merit Systems Protection Board to review such decision...." A reconsideration decision is a "final decision" of OPM. See 5 C.F.R. § 831.109(c), (d), (f) (1995).
 
 
 3
 In March of 1995, Dempsey received a letter from the Office of Personnel Management ("OPM") concerning his disability retirement annuity. The letter, which was signed by the Chief of "Branch 1" of "Retirement Claims Division 1" stated as follows:
 
 Dear Mr. Dempsey:
 
 4
 Thank you for your recent letter to the Director concerning your civil service disability annuity. The Director has asked that we respond directly to you.
 
 
 5
 On February 28, 1995, we authorized the Department of the Treasury to issue you a payment for $9,129.60. This payment represents a refund on monies withheld for the survivor annuity you elected retroactive to the commencing date of your annuity in 1988. Your April 1, 1995, payment will reflect the increase in your gross monthly rate as a result of eliminating the reduction for your survivor annuity election.
 
 
 6
 We are enclosing pamphlets we send annuitants after they retire; a duplicate annuity statement, and an annuity computation. We are unable to send you any medical documentation from your retirement file without written authorization from the physician who was attending to you when you retired. If your physician will write to us and authorize the release of this material, we would be happy to send it to you.
 
 
 7
 We hope that this information is responsive to your inquiry. If we can be of further assistance, please let us know.
 
 
 8
 Characterizing the letter as an OPM decision, Dempsey filed an appeal regarding the subject matter of the letter with the Board without seeking reconsideration from OPM. The Board dismissed Dempsey's appeal for lack of jurisdiction because OPM had not issued a reconsideration decision on the matter.
 
 
 9
 In order to prevail on appeal, Dempsey must show that the Board's decision is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994). Dempsey has not met his burden in this regard.
 
 
 10
 5 C.F.R. § 831.109(c) states that a "decision shall be considered an initial decision when rendered by OPM in writing and stating the right to reconsideration." 5 C.F.R. § 831.109(f) states that a "final decision ... shall be in writing, shall fully set forth the findings and conclusions of the reconsideration, and shall contain notice of the right to request an appeal provided in § 831.110." The Board's conclusion that the March 1995 letter is not a reconsideration decision--and therefore could not serve as the basis for an appeal--is supported by substantial evidence. The letter speaks for itself.
 
 
 11
 Dempsey nevertheless argues that the Board had jurisdiction under the second sentence of 5 C.F.R. § 831.109(c), which states that "a decision initially rendered at the highest level of review available within OPM will not be subject to reconsideration, but will give an appeal right direct to the Merit Systems Protection Board." Dempsey argues that the March 1995 letter is "a decision initially rendered at the highest level of review." We disagree. We view the March 1995 letter as simply a routine response to Dempsey's inquiry concerning his annuity. The character of the letter is not altered by the fact that Dempsey apparently chose to address his inquiry to the Director of OPM and that the letter so indicates. Indeed, we see nothing in the March letter which suggests that, in the words of the regulation, it represents "a decision initially rendered at the highest level of review available within OPM." Significantly, the letter does not state that it is such a decision and does not inform Dempsey of the appeal rights that would attach under the regulation if it were such a decision. The Board did not err in dismissing Dempsey's appeal for lack of jurisdiction.
 
 
 12
 Dempsey expresses frustration regarding his alleged inability to obtain review of what he believes is an error regarding the computation of his annuity. As no decision giving rise to Board-review rights is revealed in the record, however, we see no bar to Dempsey requesting an initial decision and then, if necessary, a reconsideration decision from OPM regarding his annuity. In that way, Dempsey will put his claim on the proper track for Board review, should he wish to seek such review.[2]
 
 
 
 [1]
 The July 25, 1995, initial decision of the administrative judge ("AJ") became the final decision of the Board on September 22, 1995, when the Board denied Dempsey's petition for review
 
 
 [2]
 We note that in Garcia v. Office of Personnel Management, 31 M.S.P.R. 160 (1986), the Board stated that although an OPM reconsideration decision is usually a prerequisite to Board jurisdiction, "if OPM in fact has improperly failed to respond to the appellant's repeated requests for a decision on his retirement application, dismissal of this appeal could effectively prevent the appellant from pursuing this matter. Under those circumstances, the Board therefore would have jurisdiction over the appellant's appeal." Id. at 161 (citations omitted)