108 F.3d 1391
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Roberto M. MAPA, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 96-3329.
 United States Court of Appeals, Federal Circuit.
 Feb. 13, 1997.
 
 Before RICH, Circuit Judge, SMITH, Senior Circuit Judge, and NEWMAN, Circuit Judge.
 PER CURIAM.
 
 Decision
 
 1
 Roberto M. Mapa (petitioner) appeals a decision of the Merit Systems Protection Board (Board), which became final on July 23, 1996, dismissing his appeal for lack of jurisdiction. The Board held that it had no jurisdiction to review an initial decision by the Office of Personnel Management (OPM), in which petitioner's application for retirement under the Civil Service Retirement System was denied, because the decision was not final. We affirm.
 
 Discussion
 
 2
 OPM denied petitioner's claim for retirement benefits, and petitioner appealed such denial to the Board. In an April 16, 1996 Acknowledgment Order, the administrative judge questioned whether the Board had proper jurisdiction to hear the appeal because petitioner had not shown that OPM had rendered a final decision denying petitioner's claim. In the Acknowledgment Order the administrative judge explained to petitioner that a decision of OPM is final only when rendered upon a request for reconsideration of an initial decision, and ordered the petitioner to file evidence and argument to establish jurisdiction of the Board based on such a final decision by OPM. Petitioner did not submit any evidence of jurisdiction to the administrative judge, but OPM indicated, in its response, that it was unable to locate a final decision in petitioner's case. OPM moved to dismiss the appeal for lack of jurisdiction, and the administrative judge granted the motion. Petitioner appeals this decision to us.
 
 
 3
 A petitioner who files an appeal with the Board has the burden to prove that the Board has jurisdiction over the appeal. 5 C.F.R. § 1201.56(a)(2)(i) (1996); Minor v. Merit Systems Protection Board, 819 F.2d 280 (Fed.Cir.1987). The Board found that petitioner had not carried such burden.
 
 
 4
 We may set aside a decision of the Board only if we find the decision to be:
 
 
 5
 (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 
 
 6
 (2) obtained without procedures required by law, rule, or regulation having been followed; or
 
 
 7
 (3) unsupported by substantial evidence....
 
 
 8
 5 U.S.C. § 7703(c) (1994).
 
 
 9
 The Board properly applied the jurisdictional standards as set forth in 5 C.F.R. §§ 831.109 and 831.110 (1996). As we have previously stated to petitioner in a previous opinion in this case:
 
 
 10
 A person such as Mapa seeking retirement benefits must first file an application for retirement benefits with OPM. If OPM initially denies an application for retirement benefits, the applicant must seek a reconsideration decision from OPM before filing an appeal to the Board. Only after OPM issues a reconsideration decision denying an application for retirement benefits may the rejected applicant proceed to seek review of the denial from the MSPB.
 
 
 11
 Mapa v. Office of Personnel Management, 61 F.3d 920 (Fed.Cir.1995) (per curiam) (unpublished) (citation omitted). Although petitioner now has an initial denial of his claim for retirement benefits, the petitioner has not shown that he has a final decision on reconsideration of such initial decision. Because petitioner has not proved that he has received a final decision from OPM regarding his retirement benefits, the Board properly dismissed his appeal for lack of jurisdiction.