NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3189

ROSALIA HINOJOSA,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Sally F. LaMacchia, Law Office of Sally F. LaMacchia, of Cayucos,California, for petitioner.

David F. D'Alessandris, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Peter D. Keisler, Acting Attorney General, Jeanne E. Davidson, Director, and Franklin E. White, Jr., Assistant Director.

Appealed from: United States Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2007-3189

ROSALIA HINOJOSA,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

_____

DECIDED: October 9, 2007

_____

Before SCHALL, BRYSON, and MOORE, Circuit Judges.

PER CURIAM.

## DECISION

Rosalia Hinojosa petitions for review of a decision of the Merit Systems Protection Board, Docket No. SF-0353-06-0048-I-3, in which the Board held that it did not have jurisdiction over her request for restoration to employment with the United States Postal Service. We affirm.

## BACKGROUND

Ms. Hinojosa was employed as a window clerk with the Postal Service in February 2003, when she was injured on the job. The Department of Labor's Office of Workers' Compensation Programs ("OWCP") subsequently determined that Ms.

Hinojosa had suffered a work-related injury, and it paid her compensation beginning in April 2003. In June 2003, postal inspectors interviewed Ms. Hinojosa, and in September 2003, the Postal Service removed her from her employment based on charges of misconduct. In particular, the Postal Service based the removal action on charges that Ms. Hinojosa had misrepresented her medical condition and had provided false information during the course of the Postal Service investigation into her claim that her injury had left her disabled.

Ms. Hinojosa filed a grievance to protest her removal, but the grievance was ultimately dismissed on grounds of untimeliness. Ms. Hinojosa then filed this action with the Merit Systems Protection Board seeking reinstatement to her job. She asserted that she was legally entitled to restoration after recovery from her medical condition. The Board dismissed her reinstatement action, holding that she was not entitled to restoration because she had not been removed as a result of a compensable injury. She now petitions this court for review of the Board's jurisdictional ruling.

DISCUSSION

The Board correctly held that because Ms. Hinojosa was not removed as a result of a compensable injury, she was not entitled to restoration to employment. Restoration rights arise when a federal employee who has been separated because of a compensable injury recovers from the condition that had kept the employee from working. 5 C.F.R. § 353.301. Those rights apply as long as the employee is otherwise entitled to return to the job. In Minor v. Merit Systems Protection Board, 819 F.2d 280 (Fed. Cir. 1987), and Cox v. Merit Systems Protection Board, 817 F.2d 100 (Fed. Cir. 1987), this court held that an employee does not have restoration rights if the employee

is removed for cause, and not as a result of the employee's compensable injury. In Minor, as in this case, the employee was removed for making false statements regarding the injury that resulted in the employee's absence from work. Although the false statements were related to the injury, they nonetheless qualified as an independent ground for the employee's removal. The court therefore held that the Board did not have jurisdiction to order the employee's restoration to employment. The same is true here, as Ms. Hinojosa was removed for reasons other than her inability to work because of the injury she suffered in the workplace. The grounds for removal in Minor and in this case are thus different from the ground for removal in New v. Dep't of Veterans Affairs, 142 F.3d 1259 (Fed. Cir. 1998), where this court held that the employee's removal for refusing to return to work without a determination of suitability from OWCP was not a legitimate, independent ground for a "for cause" removal.

Ms. Hinojosa argues that the Board's ruling means that, in cases such as this one, employees in her position will be accorded no opportunity to test the validity of the employer's charges that result in removal. That is not correct. While not all Postal Service employees have the right to Board review of "for cause" removal actions, they are all entitled to due process procedures within the agency. See Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542-45 (1985). Moreover, many Postal Service employees, including Ms. Hinojosa, have rights under union collective bargaining agreements to grieve, and ultimately arbitrate, actions such as their removal. In this case, Ms. Hinojosa did seek review of her removal through a grievance and arbitration, but the arbitrator determined that her grievance was untimely and dismissed it on that ground. The correctness of that ruling is not at issue in this case. Nonetheless, it is not

the case, as Ms. Hinojosa suggests, that because of her injury she has been denied the right to a hearing on her removal. She enjoyed all the rights that an uninjured employee would have had—in this case, the right to internal due process protections and the right to grieve her removal. She simply failed to pursue her grievance rights on a timely basis. Thus, Ms. Hinojosa is not entitled to restoration to employment, because she was removed from her position for cause and not as a result of her injury, and because she failed in her effort to challenge the removal action directly.

To the extent that Ms. Hinojosa argues that OWCP's determination that she is entitled to compensation should give her the right to restoration notwithstanding her "for cause" removal, that argument is unpersuasive. As this court held in <u>Minor</u>, OWCP's findings do not foreclose the agency (and the Board) from concluding that an employee has made false representations regarding her medical condition and disciplining the employee on that ground. 819 F.2d at 283. The employee's remedy in such a case is to contest the removal action directly, not to attempt to challenge the removal action through a restoration proceeding.