# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| TYSHA S. HOLMES, | DOCKET NUMBER |
| Appellant, | AT-0353-14-0459-I-1 |
| v. | |
| DEPARTMENT OF THE ARMY, | DATE: August 14, 2014 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Allison Stephens, Fort Jackson, South Carolina, for the appellant.

Marvin Mervin, Columbia, South Carolina, for the appellant.

Patricia Smith, Fort Jackson, South Carolina, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2    The appellant filed an appeal alleging that the agency failed to restore her to duty in her position of Physician's Assistant, GS-12, after an on-the-job injury. Initial Appeal File (IAF), Tab 1.  The record reflects that on January 25, 2010, the appellant was involved in an altercation at work and she suffered an injury for which she received benefits from the Office of Workers' Compensation Programs (OWCP).  IAF, Tab 5, Exhibit (Ex.) B1-B3.  The agency proposed the appellant's removal on June 7, 2010, and on January 14, 2011, the agency removed the appellant for alleged misconduct which included charges of making an offensive remark to her supervisor, insubordination, and unauthorized disclosure of medical quality insurance information.  IAF, Tab 6, Subtabs 4d, 4e.  The appellant appealed her removal and the administrative judge reversed the agency's action based on due process violations.  *Holmes v. Department of the Army*, MSPB Docket No. AT-0752-11-0263-I-3 (Initial Decision, Jan. 2, 2013).  The agency complied with the interim relief order by placing the appellant on administrative leave after determining that returning her to the workplace would be unduly

disruptive.   IAF, Tab 6, Subtab 4a.   The appellant has remained in an administrative leave status.

¶3     In this case, the appellant argued below that her removal was based on her compensable injury and that the agency failed to restore her to duty in her position of Physician's Assistant after she had partially recovered.   IAF, Tabs 1, 7.   The appellant asserted further that she was not removed for cause because the agency's action had been reversed on appeal.   IAF, Tab 1; *see* MSPB Docket No. AT-0752-11-0263-I-3.   Without holding a hearing, the administrative judge dismissed the instant appeal for lack of jurisdiction finding that the appellant is not entitled to restoration because she was removed for cause and that she cannot appeal any failure of restoration to the Board.   Regarding the appellant's argument that she could not have been removed for cause because the removal action was reversed on appeal, the administrative judge found that the removal action had been reversed on due process grounds; that the appeal did not address the merits of the misconduct charges; and noted that the case was still pending review by the Board.[2]   Initial Decision (ID) at 3.   The administrative judge also found no merit to the appellant's argument that her removal was related to her compensable injury.   ID at 3.   Thus, the administrative judge found that the appellant failed to establish that her removal was based on her compensable injury or that she was absent from the workplace since January 2011 due to a compensable injury.

¶4     On review, the appellant argues that the agency violated her restoration rights when it removed her and then failed to return her to duty following the reversal of the removal action.   Petition for Review (PFR) File, Tab 3, 9.   The appellant contends that the agency failed to prove that she was removed for cause

---

[2] The Board has subsequently reversed the initial decision in the appellant's removal action and the case has been remanded to the Atlanta Regional Office for adjudication on the merits of the removal. *See Holmes v. Department of the Army*, MSPB Docket No. AT-0752-11-0263-I-3, Nonprecedential Remand Order (July 9, 2014).

and she reiterates her claim that her removal was related to her compensable injury.[3]  PFR File, Tabs 3, 9.  In this connection, the appellant appears to be reasserting that, because OWCP approved her claim and retroactively paid her benefits from January 14, 2011, until December 2013, her removal was related to her compensable injury.  *Id*.

¶5      We have considered the appellant's arguments on review concerning the administrative judge's weighing of the evidence.  The applicable law and the record evidence support the administrative judge's findings that the appellant failed to establish that her removal was based on her compensable injury or that she was absent from the workplace since January 2011 due to a compensable injury.  Thus, we discern no reason to reweigh the evidence or substitute our assessment of the record evidence for that of the administrative judge.  *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-106 (1997) (finding no reason to disturb the administrative judge's findings when the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

¶6      Specifically, an employee who has been removed for cause, other than for a compensable injury, is not entitled to restoration and cannot appeal any failure of restoration to the Board.  *Minor v. Merit Systems Protection Board*, 819 F.2d 280, 282 (Fed. Cir. 1987).  Here, the record reflects that on January 25, 2010, the appellant was involved in an altercation at work and she suffered a compensable injury.  IAF, Tab 5, Ex. B1-B3.  The agency proposed the appellant's removal on June 7, 2010, and on January 14, 2011, the agency removed the appellant for

---

[3] We note that the appellant also argues that the agency failed to provide her interim relief because it placed her on administrative leave after determining that her return to the workplace would cause undue disruption.  However, interim relief was not ordered in the instant case, and thus, it is not at issue here.  Moreover, the Board has addressed the appellant's interim relief arguments in *Holmes*, MSPB Docket No. AT-0752-11-0263-I-3, Nonprecedential Remand Order at n.2.

alleged misconduct which included charges of making an offensive remark to her supervisor, insubordination, and unauthorized disclosure of medical quality insurance information.  IAF, Tab 6, Subtabs 4d, 4e.

¶7        The agency's documentary submissions show that it issued a notice of proposed removal on February 18, 2010, IAF, Tab 7, Ex. E, based inter alia, on a January 25, 2010 "verbal altercation," which ended in the compensable injury.  The agency rescinded the February 18, 2010 proposal notice and issued a new proposal notice on June 7, 2010, which did not reference the January 25, 2010 verbal altercation.  IAF, Tab 6, Subtabs 4d, 4e.  Further, the June 7 notice relied on incidents that allegedly occurred prior to the January 25, 2010 altercation.  *Id*.  Thus, the record supports the administrative judge's determination that the appellant's absence since January 2011 resulted from her removal for alleged misconduct and her failure to maintain her clinical privileges, not her inability to work because of a compensable injury.  ID at 3-4; *see* IAF, Tab 6, Subtabs 4a, 4d-4f.  Thus, the appellant's separation for cause precludes restoration rights.  *See* 5 C.F.R. § 353.108.   Accordingly, because the appellant has failed to make a nonfrivolous allegation that her removal was based on her compensable injury, the appellant has provided no basis upon which to disturb the initial decision.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec.

27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.