# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| RASHAWN CIERS,<br>　　　　　Appellant, | DOCKET NUMBER<br>CH-0353-24-0272-I-1 |
| v. | |
| U.S. POSTAL SERVICE,<br>　　　　　Agency. | DATE:  April 16, 2026 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

RaShawn Ciers, Silver Spring, Maryland, pro se.

Roderick Eves, Esquire, and Brandon Truman, Esquire, St. Louis, Missouri, for the agency.

## BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his restoration appeal for lack of jurisdiction.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

An employee who has been removed for cause substantially unrelated to his compensable injury is not entitled to restoration and cannot appeal to the Board. *Minor v. Merit Systems Protection Board*, 819 F.2d 280, 282 (Fed. Cir. 1987); *see Payton v. Department of Homeland Security*, 113 M.S.P.R. 463, ¶ 8 (2010) (finding that an employee who has been removed for cause is not entitled to restoration and cannot appeal any failure of restoration to the Board), *aff'd*, 403 F. App'x 496 (Fed. Cir. 2010). The appellant does not dispute that, effective August 20, 2010, the agency removed him from his Mail Processing Clerk position based on reasons substantially unrelated to his compensable injury. Initial Appeal File (IAF), Tab 13 at 7-12. Instead, he argues that the agency reemployed him as of June 11, 2011, and therefore, he is an employee entitled to restoration, which the agency arbitrarily and capriciously denied by rescinding reemployment efforts after he suffered a compensable injury on June 15, 2011. Petition for Review (PFR) File, Tab 1 at 6, 13-15, 21-23.[2]

---

[2] The appellant attaches documentation to his petition for review that was not submitted prior to the close of record, including Office of Workers' Compensation Programs vocational rehabilitation reports, notes, and internal emails, a reemployment/restoration offer, and agency emails regarding the reemployment efforts. PFR File, Tab 1 at 37-51. The Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). The appellant has not

A person is not entitled to the benefit of a position until he has been duly appointed to it, and a significant degree of formality is required to effectuate a Federal appointment. *Robinson v. U.S. Postal Service*, 92 M.S.P.R. 37, ¶ 9 (2002). This formality is usually in the form of an executed Standard Form 50 or 52, but the two essential prerequisites of an appointment are an authorized appointing officer who takes an action that reveals his awareness that he is making an appointment in the United States civil service, and action by the appointee denoting acceptance. *Id.*

The evidence in the record supports the appellant's assertion that the agency intended to reemploy him after his removal, even placing him in a position and allowing him to report for duty.[3] IAF, Tab 9 at 13, 29, Tab 20 at 11-17. However, the record is also clear that the agency never formalized the appellant's post-removal appointment. Specifically, on June 20, 2011, the agency's Health and Resource Manager requested that the agency's Human Resource Shared Service Center "suspend any initiatives" related to his previous request to process the appellant's reinstatement. IAF, Tab 20 at 11, 18. Indeed, as the appellant admits, the agency never issued him a PS Form 50 documenting his post-removal appointment. PFR File, Tab 1 at 14. The appellant cites to no legal authority, and we are aware of none, that would find that he was appointed

---

argued or otherwise shown that the documents were unavailable to him before the record closed. Furthermore, as the documentation merely demonstrates that the agency took efforts to reemploy the appellant, these documents do not impact the outcome of this appeal, and thus they do not serve as a basis for disturbing the initial decision. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (explaining that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

[3] The appellant reported to work on June 13 and June 14, 2011, suffered an injury on June 15, 2011, and did not return after the injury. PFR File, Tab 1 at 14. To the extent that the appellant asserts that he suffered an adverse action because the agency did not compensate him for the 2 days he worked, the appellant has cited no legal authority which would give the Board jurisdiction over such a claim, and we are aware of none. *Id.* at 10.

to a position solely based on the agency's misguided representations, especially in light of the evidence establishing that the agency did not formally effectuate his post-removal appointment.[4]  *See Robinson*, 92 M.S.P.R. 37, ¶ 9.  Accordingly, because the agency removed the appellant for cause substantially unrelated to his compensable injury and did not effectuate a post-removal appointment, the appellant is not an employee entitled to restoration rights.  *See Minor*, 819 F.2d at 282.  Thus, the Board does not have jurisdiction over his restoration claim.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[4] Although the appellant has cited cases in his petition for review, his citations either refer to incorrect case names, do not contain the propositions for which the cases were cited, or do not exist.  *See, e.g.*, PFR File, Tab 1 at 10-12.

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board
Washington, D.C.