James E. COX, Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD, Respondent.

Appeal No. 86–1659.

United States Court of Appeals, Federal Circuit.

Jan. 12, 1987.

Unpublished Opinion Jan. 12, 1987.

Published Opinion April 17, 1987.

James E. Cox, Hurst, Tex., for petitioner.

Llewellyn M. Fischer, Acting Gen. Counsel, Mary L. Jennings, Associate Gen. Counsel, Marsha E. Mouyal, Reviewer for Litigation and Bruce Mayor, Merit Systems Protection Board, Washington, D.C., for respondent.

Before SMITH, NIES, and NEWMAN, Circuit Judges.

PER CURIAM.

James E. Cox seeks review of the final decision of the Merit Systems Protection Board, Case No. DA03538610141, dismissing, for lack of jurisdiction, his appeal from the Department of Transportation's denial of his request for retirement from the Federal Aviation Administration. We affirm.*

DISCUSSION

Cox seeks restoration to his former or equivalent position on the ground that he was "separated or furloughed from a position without time limitation as a result of a compensable injury." 5 C.F.R. § 353.-103(c)(1) (1986). Cox proffered as evidence of his compensable injury his receipt of Office of Workers Compensation Programs (OWCP) benefits for the period of August 1, 1981, to July 1, 1985. The existence of a compensable injury is not enough, however, to bring Cox within section 353.103(c)(1).

Be definition, separation *as a result of* a compensable injury excludes a valid removal for cause unrelated to the employee's compensable injury. *See* Federal Personnel Manual, ch. 353 at 2–6(a)(1) (1978). Effective September 5, 1981, Cox was removed from his air traffic controller position for striking against the federal government. In his appeal from the removal, the board rejected his defense that he was sick and unable to work during the period of the strike. *Allmon v. Department of Transportation, FAA,* 18 M.S.P.R. 569, 572 (1984). That he later was able to obtain temporary workman's compensation benefits for his disability does not override the previous adjudication that he was an active striker. The OWCP decision is not the result of an adversarial adjudication, and, in any event, does not bind the board. *Accord Miller v. U.S. Postal Service,* 26 M.S.P.R. 210, 213 (1985).

Because Cox relied solely on the OWCP decision and offered no evidence in support of his assertion that his removal was related to his disability, he failed to carry his burden of proof under 5 C.F.R. § 1201.56(a)(2) to show that his separation resulted from or was substantially related to his compensable injury. Accordingly, the board correctly determined that it lacks jurisdiction.

AFFIRMED.

---

* This opinion was originally issued in unpublished form on January 12, 1987. It is reissued for publication in response to a motion of the Merit Systems Protection Board filed February 9, 1987. A more detailed recitation of the facts may be found in the opinion of the board, 31 M.S.P.R. 148 (1986).