11 F.3d 1072
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Willie M. STRANGE, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 93-3360.
 United States Court of Appeals, Federal Circuit.
 Nov. 5, 1993.
 
 Before MAYER and MICHEL, Circuit Judges, and SCHWARZER, Senior District Judge.*
 PER CURIAM.
 
 DECISION
 
 1
 Willie M. Strange appeals from the January 19, 1993 decision of the Merit Systems Protection Board (MSPB or Board), Docket No. AT-0353-92-1003-I-1, dismissing for lack of jurisdiction his appeal from a failure of the United States Postal Service to restore him to his former position following recovery from a compensable injury. We affirm.
 
 DISCUSSION
 
 2
 Petitioner argues that he is entitled to restoration to his former position of Mail Processing Letter Sorting Machine Operator, Level 6, alleging that he was "separated or furloughed from a position without time limitation as a result of a compensable injury." 5 C.F.R. Sec. 353.103(c)(1) (1993). Petitioner relies on the fact that he received a compensation award from the Office of Worker's Compensation Programs (OWCP) and that he recovered from the injury within one year to support his claim for restoration. 5 C.F.R. Sec. 353.301(b) (1993) ("An individual who fully recovers from a compensable injury within 1 year of the date compensation begins ... must be restored immediately and unconditionally."). Under 5 C.F.R. Sec. 353.401(a) (1993), "an employee or former employee of an agency ... (including the U.S. Postal Service ...) who is covered by this part may appeal to the MSPB an agency's failure to restore or improper restoration."
 
 
 3
 Existence of a compensable injury is not enough to invoke section 353.103(c)(1), however. Cox v. Merit Sys. Protection Bd., 817 F.2d 100, 101 (Fed.Cir.1987). Petitioner must also show that the removal action was taken "as a result of" the compensable injury or for reasons substantially related to the compensable injury. 5 C.F.R. Sec. 353.103(c)(1); Roche v. United States Postal Serv., 828 F.2d 1555, 1557 (Fed.Cir.1987). "An employee who has been removed for cause rather than a compensable injury is not entitled to restoration and cannot appeal to the Board." Roche, 819 F.2d at 282 (citing Cox, 817 F.2d at 101).
 
 
 4
 Here, the Board found that petitioner's removal was for cause and was unrelated to his compensable injury. These findings are supported by the July 31, 1990 notice of proposed removal and the August 28, 1990 removal letter, both of which recite the charge of striking a supervisor as the only basis for petitioner's removal. They constitute substantial evidence. Therefore, the Board properly dismissed petitioner's appeal for lack of jurisdiction.
 
 
 5
 Petitioner argues that he was not removed for cause because the November 9, 1990 settlement agreement "cancelled" his removal and replaced it with a suspension. Therefore, petitioner contends that his removal for misconduct cannot be a proper basis for the Board's dismissal, because it was "withdrawn" by the agency when it entered into the settlement agreement.
 
 
 6
 Petitioner's argument is devoid of merit. The fact that petitioner entered into a settlement agreement to resolve an appeal on the merits of his removal for cause neither "cancels" the removal nor changes its nature. In any event, it left him suspended for cause, not for injury. The Board's finding that petitioner was disciplined for cause is supported by substantial evidence, including the notice and removal letters mentioned above. Moreover, even if we focussed on the settlement agreement, it did not result in his being "furloughed from a position without time limitation as a result of a compensable injury." It was a suspension, not a "furlough"; it was with, not "without" time limitation; and it was not in any way "as a result of" the injury. Accordingly, the Board correctly determined that it lacked jurisdiction over this appeal.
 
 
 7
 We have considered petitioner's remaining arguments and find them to be without merit.
 
 
 
 *
 Honorable William W. Schwarzer, Senior District Judge, United States District Court for the Northern District of California, sitting by designation