NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3226

WALTER J. LINOSKI,

Petitioner,

v.

DEPARTMENT OF JUSTICE,

Respondent.

_____

DECIDED: November 2, 2004

_____

Before CLEVENGER, GAJARSA, and PROST, Circuit Judges.

PER CURIAM.

Walter J. Linoski appeals from the final decision of the Merit Systems Protection Board ("Board"), dismissing for lack of jurisdiction his appeal for restoration rights. Linoski v. Dep't of Justice, DA-0353-02-0400-I-1 (MSPB, Mar. 11, 2004 "Final Order"). We affirm.

## BACKGROUND

From June 1971 to August 14, 1977, Mr. Linoski was employed as a GS-1811-12 Criminal Investigator with the Bureau of Narcotics and Dangerous Drugs, now the Drug Enforcement Agency ("DEA"). On August 14, 1977, Mr. Linoski voluntarily resigned from his position. Nearly seven years later, on May 1, 1984, Mr. Linoski unsuccessfully sought re-employment with the DEA. The DEA denied Mr. Linoski re-employment

because he failed a pre-employment physical examination. The examination revealed that Mr. Linoski did not meet the requirements to perform the duties of a DEA Criminal Investigator because of hearing loss.

According to Mr. Linoski, in July 1996, a former co-worker advised him that his hearing loss might have been directly related to his 1971 through 1977 employment with the DEA. The co-worker encouraged Mr. Linoski to file a claim with the Office of Workers' Compensation Programs ("OWCP"). Mr. Linoski filed the claim and on December 16, 1999, the OWCP awarded Mr. Linoski "43% binaural hearing loss," to be paid to him from November 29, 1999 to July 23, 2001. The OWCP determined that Mr. Linoski's injury occurred sixteen years earlier, on May 1, 1984, the same date he failed the physical examination and was denied re-employment with the DEA.

In October 1986, Mr. Linoski returned to federal government service on his own initiative with the Department of the Treasury, rather than the Department of Justice. Mr. Linoski contends that he should be reinstated to his prior position or an equivalent because he has fully recovered from his on-the-job injury since his hearing has been corrected to satisfy the medical requirements for a GS-1811.

After the DEA denied Mr. Linoski's requests for employment in 1990 and 1994 and failed to respond to his requests for re-employment in November 1996, August 1998, and on March 8, 2002, Mr. Linoski filed an appeal with the Board in April 2002. By acknowledgement order dated April 26, 2002, the Board informed Mr. Linoski that it might not have jurisdiction over his appeal. The Board advised Mr. Linoski that he bears the burden of proof on the issue of jurisdiction and then ordered Mr. Linoski to submit argument and evidence on this issue. The Board also advised Mr. Linoski that

the timeliness of his filing was in dispute, and that he bore the burden of proof on that as well.  In response, Mr. Linoski reiterated that the Board violated his restoration rights and never advised him of his appeal rights or that his hearing loss was a compensable injury.  Mr. Linoski admitted, however, that "it is true [he] left the DEA voluntarily."

On May 17, 2002, the DEA moved to dismiss for lack of jurisdiction because Mr. Linoski, by his own admission, resigned voluntarily.  The DEA argued that the resignation had no nexus to his hearing loss.  In support, the DEA points to Mr. Linoski's claim before the OWCP, in which Mr. Linoski acknowledged that he might have been exposed to unprotected firearms noise from as early as 1969-1971, during prior employment with the federal government as a Police Officer.  Additionally, before an OWCP hearing, Mr. Linoski mentioned that in 1969 he failed a physical examination and had been rejected from military service due to hearing loss.  Alternatively, the DEA argued that even if he did have restoration rights, he failed to timely file his request for restoration within 30 days of July 22, 2001, the date his compensation ceased.

On July 19, 2002, the Administrative Judge ("AJ") issued a Show Cause Order providing Mr. Linoski with extensive information about what he needed to show to prove that the Board has jurisdiction over his appeal.  In response, Mr. Linoski stated that he "timely requested his restoration rights in November 1996 when compensation [for his job related injury] was first denied, and several times thereafter during protracted proceedings."  Mr. Linoski submitted documents in support of this statement including correspondence from agency officials and declarations from former co-workers.  In response, the DEA argued that Mr. Linoski is not entitled to restoration rights because he relinquished them when he voluntarily resigned.

04-3226                                      3

On November 29, 2002, the AJ issued an initial decision holding that Mr. Linoski forfeited all rights to appeal by his voluntary resignation on August 14, 1977. The AJ also held that Mr. Linoski's claims were not timely nor were they diligently pursued. On March 11, 2004, the Board denied the petition for review and the initial decision became final. Mr. Linoski appeals and we have jurisdiction under 28 U.S.C. § 1295(a)(9) (2000).

DISCUSSION

We must affirm the Board's decision unless it is: "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; obtained without procedure required by law, rule, or regulation having been followed; or, unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1994); see also New v. Dep't of Veterans Affairs, 142 F.3d 1259, 1261 (Fed. Cir. 1998). The scope of the Board's jurisdiction, however, is a question of law that we review de novo. Starkey v. Dep't of the Navy, 198 F.3d 851, 853 (Fed. Cir. 2000).

An agency's obligation to restore an employee to the position he last held or an equivalent position following his recovery from a compensable injury is set forth at 5 U.S.C. § 8151 and its attendant regulations at 5 C.F.R. Part 353. New, 142 F.3d at 1261. According to the regulations, this agency duty only arises when the employee is separated "because of a compensable injury." 5 C.F.R. § 353.301(c); see 5 C.F.R. § 353.103(b). In pertinent part, 5 C.F.R. § 353.103(b) provides:

> The provisions of this part concerning employee injury cover . . . [an] employee in any branch of the Government of the United States . . . who was separated or furloughed from an appointment without time limitation . . . as a result of a compensable injury. (emphasis added).

Additionally, Mr. Linoski seeks restoration as a "physically disqualified" individual under 5 C.F.R. § 353.301(c), which states:

An individual who is <u>physically disqualified</u> for the former position or equivalent <u>because of a compensable injury</u>, is entitled to be placed in another position for which qualified that will provide the employee with the same status, and pay, or the nearest approximation thereof, consistent with the circumstances in each case. This right is agencywide and applies for a period of 1 year from the date eligibility for compensation begins. After 1 year, the individual is entitled to the rights accorded individuals who fully or partially recover, as applicable. (emphasis added).

"Physically disqualified," under 5 C.F.R. § 353.102, means that:

(1)(i) For medical reasons the employee is unable to perform the duties of the position formerly held or an equivalent one, or

(ii) There is a medical reason to restrict the individual from some or all essential duties because of possible incapacitation (for example, a seizure) or because of risk of health impairment (such as further exposure to a toxic substance for an individual who has already shown the effects of such exposure).

(2) The condition is considered permanent with little likelihood for improvement or recovery.

A nexus between a compensable injury and the employee's separation is the primary jurisdictional requirement in a restoration appeal such as this. See <u>Cox v. Merit Sys. Prot. Bd.</u>, 817 F.2d 100, 101 (Fed. Cir. 1987). Accordingly, an employee who voluntarily resigns has no right of appeal to the Board. <u>Mueller v. United States Postal Serv.</u>, 76 F.3d 1198, 1201 (Fed. Cir. 1996) (resignations are presumed voluntary); <u>Covington v. Dep't of Health & Human Servs.</u>, 750 F.2d 937, 941 (Fed. Cir. 1984). It is Mr. Linoski's burden to show that the Board has jurisdiction of his appeal of a denial of restoration. <u>Cox</u>, 817 F.2d at 101 (citing 5 C.F.R. 1201.56(a)(2)(i)).

Mr. Linoski must show that his separation resulted from or was substantially related to his compensable injury. <u>New</u>, 142 F.3d at 1261; <u>Cox</u>, 817 F.2d at 101. Here, the record does not establish pursuant 5 C.F.R. § 353.103(b) that Mr. Linoski was either "separated" or "furloughed" on August 14, 1977 because of a compensable injury, <u>i.e.</u>

his hearing loss. Instead, the record shows that that Mr. Linoski voluntarily resigned from the DEA on August 14, 1977, with no evidence of the reason for his resignation.

Mr. Linoski argues that under 5 U.S.C. § 8151, he retained his restoration rights by resuming regular full-time employment with the United States in 1986. "The Federal Employees' Compensation Act ("FECA"), 5 U.S.C. § 8101 et seq., provides that federal employees who suffer on-the-job compensable injuries enjoy certain rights to be restored to their previous or comparable positions." Walley v. Dep't of Veterans Affairs, 279 F.3d 1010, 1015 (Fed. Cir. 2002). Because Mr. Linoski has not shown that he resigned in 1977 because he suffered an "on-the-job compensable injury," Mr. Linoski is not entitled to restoration rights under FECA.

Mr. Linoski also argued that he is a "physically disqualified" individual under 5 C.F.R. § 353.301(c) entitled to restoration rights. The record does not show that at the time Mr. Linoski voluntarily resigned that he was a "physically disqualified" individual because he was unable to perform, or restricted from performing, his former duties for medical reasons on an apparently permanent basis. See Mendenhall v. United States Postal Serv., 74 M.S.P.R. 430, 437 (1997). Because Mr. Linoski has not shown he left employment in 1977 because he was "physically disqualified" due to his hearing loss, he again has not shown entitlement for restoration rights.

Mr. Linoski points to OWCP determinations, witness statements, agency records, and medical opinions from board certified physicians to support his argument that he suffered a compensable injury. The existence of a compensable injury is not enough, however, to prove that he was separated due to that injury. See Cox, 817 F.2d at 101 (receipt of workers' compensation benefits is not conclusive proof that an employee's

removal is substantially related to his compensable injury).

Because no nexus between Mr. Linoski's hearing loss and his 1977 resignation has been shown, we find that the Board did not err in finding that the primary jurisdictional requirement in this restoration appeal has not been met. Given that Mr. Linoski failed to raise a nonfrivolous allegation of the Board's jurisdiction that could not be resolved on the basis of the documentary record, it was entirely within the Administrative Judge's discretion to deny a hearing on the Board's jurisdiction. See Staats v. United States Postal Serv., 99 F.3d 1120, 1125 (Fed. Cir. 1996). Accordingly, we affirm the Board's final decision dismissing Mr. Linoski's appeal for lack of jurisdiction. Based on our jurisdictional determination, we find it unnecessary to address the timeliness issue in this appeal.