NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is
not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3260

LESTER E. GILBERT,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED: July 14, 2006

_____

Before NEWMAN, MAYER, and LINN, Circuit Judges.

PER CURIAM.

Lester E. Gilbert appeals the final decision of the Merit Systems Protection Board, which dismissed his appeal for lack of jurisdiction. Gilbert v. Dept. of Justice, SF0353040250-I-1 (MSPB Apr. 27, 2005). We affirm.

We review the board's decision regarding its jurisdiction de novo. King v. Briggs, 83 F.3d 1384, 1387 (Fed. Cir. 1996). The petitioner bears the burden of establishing the board's jurisdiction by a preponderance of the evidence. Clark v. United States Postal Serv., 989 F.2d 1164, 1167 (Fed. Cir. 1993); 5 C.F.R. § 1201.56(a)(2). Our review is limited to setting aside decisions that are arbitrary, capricious, an abuse of

discretion, or unlawful; procedurally deficient; or unsupported by substantial evidence. See 5 U.S.C. § 7703(c) (2000).

In order to establish jurisdiction for a restoration claim before the board, Gilbert was required to demonstrate that he was separated from service because of a compensable injury. See 5 U.S.C. § 8151(b); 5 C.F.R. § 353.301. This requires showing that his separation was solely attributable to a compensable injury. See Walley v. Dep't of Veterans Affairs, 279 F.3d 1010, 1016 (Fed. Cir. 2002); see also New v. Dep't of Veterans Affairs, 142 F.3d 1259, 1264-65 (Fed. Cir. 1998) (observing that removal on grounds unrelated to a compensable injury forecloses a claim for restoration rights). Here, substantial evidence supports the finding that Gilbert resigned from his position "in lieu of facing a removal for his admitted misconduct in detonating a bomb in the workplace." In particular, Gilbert admitted to his misconduct and resigned the following day. Although Gilbert's alleged injury may have contributed to his resignation, it was not the sole cause. Cf. Minor v. Merit Sys. Prot. Bd., 819 F.2d 280, 282 (Fed. Cir. 1987) ("An employee who has been removed for cause rather than a compensable injury is not entitled to restoration and cannot appeal to the Board." (citing Cox v. Merit Sys. Prot. Bd., 817 F.2d 100, 101 (Fed. Cir. 1987); Miller v. United States Postal Serv., 3 M.S.P.B. 418, 3 M.S.P.R. 336 (1980)). Although Gilbert argues that his receipt of benefits from the Office of Workers Compensation Programs ("OWCP") establishes that his resignation was due to a compensable injury, OWCP decisions do not bind the board and, standing alone, are insufficient to establish jurisdiction. See Cox v. Merit Sys. Prot. Bd., 817 F.2d 100, 101 (Fed. Cir. 1987). Because Gilbert failed to establish that his separation from service was solely attributable to a compensable injury, the board properly dismissed his petition.