NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3269

KELSEY L. HEBRON,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Kelsey L. Hebron, of Severn, Maryland, pro se.

Kenneth S. Kessler, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Gregory G. Katsas, Assistant Attorney General, Jeanne E. Davidson, Director, and Deborah A. Bynum, Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3269

KELSEY L. HEBRON,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Petition for review of the Merit Systems Protection Board in DC0752080115-I-1.

_____

DECIDED:  November 7, 2008

_____

Before BRYSON, PLAGER, and DYK, <u>Circuit Judges</u>.

PER CURIAM.

## DECISION

Kelsey L. Hebron challenges the decision of the Merit Systems Protection Board dismissing his appeal as barred by res judicata.  We <u>affirm</u>.

## BACKGROUND

On January 19, 2006, the United States Postal Service removed Mr. Hebron from his position as a mail handler, citing his chronic absenteeism and his failure to comply with agency directives to return to duty and to attend a predisciplinary interview.  With

respect to Mr. Hebron's unsatisfactory attendance, the agency found that he had been absent for 628 of the 800 available work hours between June 11, 2005, and November 13, 2005, and that he had been absent without leave for a total of 416 hours between August 18, 2005, and October 30, 2005.

Mr. Hebron appealed the agency's removal decision to the Merit Systems Protection Board. Before the Board, he argued, inter alia, (1) that the agency had improperly denied him leave under the Family and Medical Leave Act of 1993 ("FMLA"), which, if granted, would have accounted for a significant number of the hours for which he had been charged as being absent without leave; and (2) that he was prejudiced by the agency's failure to give him prompt notice of the denial of FMLA leave and that he should be granted FMLA leave on account of the agency's failure to give him prompt notice of the denial. At the hearing on his appeal, Mr. Hebron also advised the administrative judge that he had a pending application to the Department of Labor's Office of Workers' Compensation Programs ("OWCP") for disability benefits covering the period between August 15, 2005, and September 30, 2005.

The administrative judge found that the agency had properly denied Mr. Hebron's application for FMLA leave. The administrative judge noted that the Postal Service did not dispute that between August 18, 2005, and October 30, 2005, Mr. Hebron suffered from "a serious health condition as defined by FMLA," but concluded that he was not entitled to FMLA leave for that period because he had not satisfied the service tenure requirement for entitlement to FMLA benefits. The administrative judge also rejected Mr. Hebron's argument that the alleged failure by the agency to give him prompt notice of its decision not to grant him FMLA leave entitled him to FMLA leave for the period of

his absence. The administrative judge explained that nothing in the FMLA statute "requires or permits an agency to award undeserved FMLA leave because it had failed to promptly deny it." The administrative judge's decision rejecting Mr. Hebron's claims became final when, on November 17, 2006, the Board rejected Mr. Hebron's petition for review.

Mr. Hebron sought judicial review in this court on January 17, 2007, which was 61 days after he had been electronically served with the Board's final order. See Hebron v. United States Postal Serv., 226 Fed. Appx. 994 (Fed. Cir. April 4, 2007). Because the petition for review was not filed within 60 days of receipt of the Board's order, as required by 5 U.S.C. § 7703(b)(1), we dismissed the petition as untimely.

By the time Mr. Hebron filed his 2007 petition for review by this court, the OWCP had granted his application for worker's compensation benefits. In his petition, Mr. Hebron urged this court to consider the award as further evidence of his innocent explanation for his absences. In addition, Mr. Hebron continued to advance his claim that he had been prejudiced by the agency's failure to communicate its decision concerning his FMLA status. According to Mr. Hebron, the agency had provided him with "FMLA call-in and confirmation numbers," and he had acted in reliance on the understanding that he was FMLA-eligible. He contended that if the agency had timely served him with notice of the denial of FMLA leave, he would have filed an earlier claim for OWCP benefits and would have sought other forms of administrative leave to prevent the agency from designating him absent without leave.

Seven months later, on November 12, 2007, Mr. Hebron filed another appeal with the Board, again challenging his January 19, 2006, removal from employment with

the Postal Service. This time, Mr. Hebron argued that "the records showed [he] had a FMLA balance and had used FMLA" and that the Board had improperly "refused to acknowledge [the] OWCP case which was mentioned during the hearing." Shortly thereafter, the administrative judge issued an order to show cause directing Mr. Hebron to show why his claims were not barred by principles of res judicata. Mr. Hebron did not respond to that order. On January 17, 2008, the administrative judge dismissed the appeal, finding that the Board had previously adjudicated claims identical to those asserted in the second appeal. Mr. Hebron petitioned for review before the full Board, but the petition was denied. This petition followed.

DISCUSSION

Under the doctrine of res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. Allen v. McCurry, 449 U.S. 90, 94 (1980); see also Int'l Nutrition Co. v. Horphag Research, Ltd., 220 F.3d 1325, 1328 (Fed. Cir. 2000) ("Application of res judicata requires a prior final judgment on the merits by a . . . tribunal of competent jurisdiction; identity of the parties or those in privity with the parties; and a subsequent action based on the same claims that were raised, or could have been raised, in the prior action."). We find no error in the Board's conclusion that its November 17, 2006, decision bars Mr. Hebron from further litigation concerning his termination, particularly as it relates to the relevance of his FMLA eligibility and the pendency of his OWCP claim.

On the record before us, it is clear that the issues Mr. Hebron sought to raise in his second appeal were squarely before the Board in the first appeal, and that the

second appeal recited the same grounds for appeal that were raised in the first, without attempting to distinguish the prior adjudication. The administrative judge ruled that the January 19, 2006, removal was lawful notwithstanding Mr. Hebron's arguments that he was entitled to FMLA leave for the entire period of his absence from work and his claim that his pending request for OWCP benefits would, if granted, provide a legally sufficient excuse for his absence. His second appeal sought to relitigate the lawfulness of his removal, and on essentially the same grounds that were raised in the first appeal. The only differences between the two appeals are (1) following the first appeal, the OWCP granted benefits to Mr. Hebron for a portion of the period during which the Postal Service treated him as AWOL, and (2) in his petition for review in his second appeal, Mr. Hebron submitted documents from the Postal Service that he claims indicate that he was credited with FMLA leave for certain periods during which he was absent from work. Neither of those differences is sufficient to avoid the res judicata effect of the dismissal of his first appeal and to permit him to prosecute a new appeal raising the same objections to his removal that were litigated in the first appeal.

In his reply brief in this court, Mr. Hebron argues that he filed his second appeal "under the grounds of new material evidence." The proper procedure for raising a claim of new and material evidence in a Board proceeding is to move to reopen the initial appeal based on new and material evidence. See 5 C.F.R. § 1201.115(d)(1). In order to justify reopening the appeal, the appellant must proffer new evidence, not available to the appellant at the time of the initial appeal, that is of "sufficient weight to warrant an outcome different from that of the initial decision." Wright v. U.S. Postal Serv., 183 F.3d 1328, 1332 (Fed. Cir. 1999). By filing a second appeal, Mr. Hebron did not follow the

prescribed procedure for raising a claim of new and material evidence and thus ran afoul of the principles of res judicata.

To be sure, in his petition for review to the full Board Mr. Hebron cited the provisions of the Board's regulations dealing with reopening appeals. Liberally read, that reference to the Board's reopening regulations may indicate that Mr. Hebron's petition for review was intended to serve in part as a request to reopen his first appeal. Even assuming that to be the case, however, Mr. Hebron's submission of new evidence with his petition for review in his second appeal would not have been sufficient to require that his first appeal be reopened. At the time of the first appeal, the administrative judge was aware of the pendency of his OWCP claim and did not treat the OWCP proceeding as constituting a valid defense to the agency's case against him. As the administrative judge noted in the first appeal, the Postal Service never disputed that Mr. Hebron had a serious health condition during the period for which he was subsequently granted OWCP benefits; for that reason, the subsequent OWCP action granting benefits for that period was not a significant new development in the case and therefore does not constitute "new and material evidence" that would be likely to result in a different decision in the case. In addition, his argument regarding his OWCP benefits does not excuse the 168 hours of absence without leave that the Postal Service charged Mr. Hebron with during the month of October 2005. And even assuming the Postal Service records he submitted with his petition for review show that he was entitled to claim FMLA leave during the period of his absence, the amount of leave reflected in those records would have been exhausted during the period in which he received OWCP benefits and therefore would not excuse his absence during other

periods between June and November 2005, including his 168 hours of absence during the month of October 2005.  Mr. Hebron has thus failed to show that the new documents would have changed the outcome of his initial appeal.  Accordingly, even if the Board had treated Mr. Hebron's petition for review in the second appeal as a motion to reopen his first appeal, he would not have satisfied the requirements for reopening.

Finally, Mr. Hebron invokes cases involving the rights of injured employees to be restored to federal service upon their recovery, and he argues that he is entitled to restoration in light of those cases.  Although Mr. Hebron's appeal was an appeal from his removal, not an appeal from the denial of restoration, he would not be entitled to relief even if the Board had treated his appeal as a restoration appeal.  Restoration rights are available to employees who are removed as a result of a compensable injury and who recover from that injury within one year.  See 5 C.F.R. § 353.301.  Mr. Hebron was removed for absence from work for a period substantially in excess of the period for which he was accorded OWCP benefits.  His for-cause removal was therefore lawful, and for that reason he is not entitled to restoration rights following the end of the period for which he received OWCP benefits.  See Minor v. Merit Sys. Prot. Bd., 819 F.2d 280, 282 (Fed. Cir. 1987); Cox v. Merit Sys. Prot. Bd., 817 F.2d 100, 101 (Fed. Cir. 1987); Wright v. U.S. Postal Serv., 62 M.S.P.R. 122, 128-29 (1994).

Because Mr. Hebron has not shown that his second appeal should have resulted in overturning his removal, even apart from the procedural defects in that appeal, we sustain the decision of the Board.