# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SHIRLEY MUHLEISEN,
       Appellant,

     v.

DEPARTMENT OF VETERANS
  AFFAIRS,
       Agency.

DOCKET NUMBER
DE-0353-16-0067-I-1

DATE: March 2, 2023

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Shirley Muhleisen</u>, Marrero, Louisiana, pro se.

<u>Johnston B. Walker</u>, Jackson, Mississippi, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

## REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied her restoration appeal. For the reasons discussed below, we GRANT the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

appellant's petition for review. We AFFIRM the administrative judge's determination that the appellant failed to prove the merits of her restoration claim, but REMAND the case to the regional office for adjudication of the appellant's discrimination and retaliation claims in accordance with this Remand Order.

## BACKGROUND

¶2     The appellant first filed a claim in Federal district court, alleging that the agency discriminated against her, subjected her to disparate treatment and a hostile work environment, retaliated against her, and constructively discharged her. *See Muhleisen v. Department of Veterans Affairs*, MSPB Docket No. DE-0353-16-0067-I-1, Initial Appeal File (0067 IAF), Tab 6 at 6. Ultimately, a Magistrate Judge denied each of those claims. *Id.* at 6-34. Most notably, for purposes of the appeal currently before us, the Magistrate Judge concluded that the appellant's 1999 resignation was not involuntary. *Id.* at 29-32. Among other things, she noted that the appellant had been looking for employment elsewhere in the years leading up to her resignation, applied for early retirement months before her resignation, applied for paralegal school to begin the same month as her resignation, and actually began attending that program just days after her resignation. *Id.* at 30. The Chief Judge for the U.S. District Court for the District of Colorado agreed and granted summary judgment in favor of the agency. *Id.* at 36-37. On appeal, the decision was also affirmed by the U.S. Court of Appeals for the 10th Circuit. *Id.* at 42-48; *see Muhleisen v. Principi*, 73 F. App'x 320 (10th Cir. 2003).

¶3     Next, the appellant filed an individual right of action (IRA) appeal with the Board, alleging that she was subjected to whistleblower retaliation. *Muhleisen v. Department of Veterans Affairs*, MSPB Docket No. DE-1221-13-0345-W-1, Initial Appeal File (0345 IAF), Tab 1. The administrative judge dismissed that IRA appeal for lack of jurisdiction. 0345 IAF, Tab 15, Initial Decision.

The Board remanded for further adjudication concerning the Board's jurisdiction over the appellant's alleged involuntary resignation. *Muhleisen v. Department of Veterans Affairs*, MSPB Docket No. DE-1221-13-0345-W-1, Remand Order, ¶¶ 8-10 (Nov. 10, 2014). The Board directed the administrative judge to determine on remand if the appellant nonfrivolously alleged that her decision to resign was involuntary, and thus a personnel action that could be raised in an IRA appeal. On remand, the agency informed the administrative judge of the appellant's prior claims in Federal court and argued that she should be collaterally estopped from arguing that her resignation was involuntary. *Muhleisen v. Department of Veterans Affairs*, MSPB Docket No. DE-1221-13-0345-B-1, Remand File (0345 RF), Tab 20. The administrative judge agreed and dismissed the appellant's IRA appeal for lack of jurisdiction. 0345 RF, Tab 27, Remand Initial Decision. The appellant filed a petition for review, but the Board affirmed the remand initial decision. *Muhleisen v. Department of Veterans Affairs*, MSPB Docket No. DE-1221-13-0345-B-1, Final Order (Feb. 28, 2023).

¶4 More recently, the appellant filed the instant appeal, which the administrative judge construed as an allegation that the agency violated 5 C.F.R. § 353.301(d), a regulation requiring that agencies attempt to restore partially recovered individuals. 0067 IAF, Tab 1, Tab 24 at 6. In concert with the instant appeal, the following facts, as further detailed in the initial decision, appear undisputed.

¶5 In 1984, the appellant began working for the agency as a Registered Nurse. 0067 IAF, Tab 39, Initial Decision (0067 ID) at 4. On more than one occasion, between 1997 and 1998, she suffered respiratory problems while working in areas that were under construction, requiring medical attention. *Id.* Around March 1999, while the agency was offering early retirements under a Voluntary Early Retirement Authority (VERA), the appellant elected to retire with a proposed retirement date in September 1999. *Id.*

¶6 In April and May 1999, the appellant's physician submitted letters indicating that she should not work in areas that were under construction. 0067 ID at 5. Then, in September 1999, the agency attempted to reassign her to a different floor within the same building. *Id.* The appellant withdrew her previously filed application for early retirement and requested an extended leave of absence, but the agency denied the request. *Id.* The agency instructed the appellant to report to work and she responded by giving her resignation notice, effective October 1, 1999, and indicating that she would use leave for the days leading up to that date. 0067 ID at 6. The Office of Personnel Management approved the appellant's VERA application. 0067 ID at 5-6.

¶7 At some point, the Department of Labor's (DOL) Office of Workers' Compensation Programs (OWCP) accepted two on-the-job injury claims the appellant submitted. 0067 ID at 6. The appellant has since elected to receive her OWCP benefits in lieu of her retirement annuity. 0067 ID at 6-7. The first claim involved the appellant's respiratory issues and the second reportedly involved work stress. 0067 ID at 7. Beginning in 2003, DOL worked with the appellant to facilitate her return to the workforce. 0067 ID at 8. Over the following years, she applied, but was not selected, for several positions with the agency. 0067 ID at 8-9.

¶8 In the instant appeal, the appellant alleges that the agency improperly discriminated against her and denied her restoration. 0067 ID at 9. After asking the parties to brief the issue, the administrative judge determined that the appellant's prior litigation concerning the voluntariness of her retirement did not preclude this restoration appeal. 0067 IAF, Tab 2 at 3, Tab 6 at 4-5, Tab 8 at 2, Tab 24 at 1.

¶9 The administrative judge found that the appellant met her jurisdictional burden and held her requested hearing. 0067 ID at 1, 10; 0067 IAF, Tab 1 at 1. He issued an initial decision denying the appellant's request for restoration. 0067 ID at 1. He found that the appellant was at most entitled to the restoration

rights of a partially recovered employee, as evidenced by her continued receipt of OWCP benefits. *Id.* at 9 n.5; *see* 5 C.F.R. § 353.102 (defining a fully recovered employee as one whose compensation payments have ceased because she is able to resume all of her duties, while defining a partially recovered employee as one who has recovered sufficiently for modified duties). He next found that the appellant's restoration claim failed because she did not prove by preponderant evidence that her separation was due to a compensable injury. 0067 ID at 11-15. The administrative judge further found that, to the extent the appellant was alleging that the agency engaged in discrimination by not restoring her, she failed to present nonfrivolous allegations. 0067 ID at 15-16.

¶10        The appellant has filed a petition for review. *Muhleisen v. Department of Veterans Affairs*, MSPB Docket No. DE-0353-16-0067-I-1, Petition for Review (0067 PFR) File, Tab 4.[3] The agency has filed a response and the appellant has replied. 0067 PFR File, Tabs 6-7.

---

[3] Below, the administrative judge did not consider several pieces of evidence that the agency initially submitted but later moved to withdraw after determining that it was not authorized to disclose those materials. 0067 IAF, Tab 31 at 4 (referencing 0067 IAF, Tab 21 at 18-67); 0067 ID at 3 n.1 (referencing 0067 IAF, Tab 21 at 18-67). On review, the appellant appears to agree that this evidence should not have been disclosed or considered. 0067 PFR File, Tab 4 at 7. Accordingly, we will not consider the mistakenly submitted evidence either. Because the parties appear to agree that this evidence was mistakenly submitted and should not have been made part of the record, 0067 IAF, Tab 31 at 4; 0067 PFR File, Tab 1 at 3-10, Tab 4 at 7, it has been sealed, 0067 PFR File, Tab 2 at 1-2. To the extent that the appellant suggests that the Board should seal the remainder of the record, or take further action as it relates to her privacy, we find no reason to do so. 0067 IAF, Tab 4 at 7; *see Normoyle v. Department of the Air Force*, 65 M.S.P.R. 80, 83 (1994) (recognizing that while a Federal district court may be able to consider claims of an alleged Privacy Act of 1974 violation, the Board cannot); *see also Doe v. Pension Benefit Guaranty Corporation*, 117 M.S.P.R. 579, ¶ 23 n.5 (2012) (explaining that case files from Board appeals are not available to the public by e-Appeal Online or on the Board's website). The appellant's motion to strike and make other changes to the record, submitted on review, is therefore denied. 0067 PFR File, Tab 9. To the extent the appellant seeks to challenge the merits of the initial decision in this motion and another filed months later, we decline to consider her arguments. 0067 PFR File, Tabs 9-10; *see* 5 C.F.R. § 1201.114(a) (discussing the pleadings allowed in connection with a petition for review and the limitations on arguments made in a reply to a response to a petition for review); *see also Hooker v.*

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The appellant failed to meet her burden of proving the elements required for her restoration claim.</u>

¶11      As an initial matter, we note that the appellant attached significant evidence to her petition for review that she did not submit during the proceedings below. 0067 PFR File, Tab 4 at 27-74.  On review, we will not consider this evidence, because the appellant has failed to show that it is new and material.[4] *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (recognizing that, under 5 C.F.R. § 1201.115(d), the Board will not consider evidence submitted for the first time on review absent a showing that it was unavailable before the record was closed despite the party's due diligence).

¶12      Turning to the substance of the instant appeal, the Federal Employees' Compensation Act and its implementing regulations provide that Federal employees who suffer on-the-job compensable injuries enjoy certain rights to be restored to their previous or comparable positions.  5 U.S.C. § 8151; *Tat v. U.S. Postal Service*, 109 M.S.P.R. 562, ¶ 9 (2008); 5 C.F.R. § 353.301. To prevail on the merits of a restoration appeal as a partially recovered

---

*Department of Veterans Affairs*, 120 M.S.P.R. 629, ¶ 4 n.4 (2014) (denying an appellant's request to submit additional pleadings on review that did not appear material to the dispositive issues in the case).

[4] A couple of pages of the appellant's evidence first submitted on review do appear new in the sense that they are dated after the initial decision.  0067 PFR File, Tab 4 at 31-34, 55.  However, it appears that they are merely documents created by the appellant, as she contacted the agency to "resolve issues post hearing."  *Id.* at 27. We discern no basis for concluding that the information in question is new and material to the dispositive issues in this appeal.  *See* 5 C.F.R. § 1201.115(d) (explaining that "[t]o constitute new evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed[]"); *see also Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (explaining that evidence does not meet the "new and material evidence" criterion unless it is of sufficient weight to warrant a different outcome).

To the extent that the evidence the appellant attached to her petition for review may be relevant to the claims of discrimination and reprisal that we are remanding for further adjudication, the appellant may present them to the administrative judge, if and when prompted to do so.

individual, an appellant must prove by preponderant evidence that: (1) she was absent from her position due to a compensable injury; (2) she recovered sufficiently to return to duty on a part-time basis, or to return to work in a position with less demanding physical requirements than those previously required of her; (3) the agency denied her request for restoration; and (4) the agency's denial was arbitrary and capricious.  *Kingsley v. U.S. Postal Service*, 123 M.S.P.R. 365, ¶¶ 11-12 (2016); 5 C.F.R. § 1201.57(a)(4), (c)(4).

¶13      For the first of the aforementioned elements, although the restoration regulations speak only in terms of an employee separated "as a result of a compensable injury," the Board has interpreted this to mean that the separation was "substantially related to" a compensable injury.  *See, e.g.*, *Mobley v. U.S. Postal Service*, 86 M.S.P.R. 161, ¶ 6 (2000); *Wright v. U.S. Postal Service*, 62 M.S.P.R. 122, 128, *aff'd*, 42 F.3d 1410 (Fed. Cir. 1994) (Table); *Brown-Cummings v. Department of Health and Human Services*, 39 M.S.P.R. 627, 630 (1989).[5]  Here, the administrative judge found that the appellant failed to prove that her 1999 separation was substantially related to compensable injuries.[6]  0067 ID at 12.  In doing so, he largely relied on various contemporaneous evidence, as well as some of the testimonial admissions.  0067 ID at 12-15.  This evidence included the appellant's testimony that she began

---

[5] However, as the administrative judge pointed out in the initial decision, 0067 ID at 11, a U.S. Court of Appeals for the Federal Circuit decision suggests that the Board should apply a more stringent standard, in which the appellant's compensable injury must be the "sole cause" of the absence from his or her position for purposes of a partial restoration case.  *Walley v. Department of Veterans Affairs*, 279 F.3d 1010, 1017 n.6, 1018, 1020 (Fed. Cir. 2002).  Because the appellant has failed to meet the less stringent "substantially related to" standard, we need not further address *Walley* here.

[6] Many of the arguments presented on review do not pertain to this dispositive issue or the appellant's restoration appeal, generally.  For example, she appears to dispute the findings from her prior appeals and reassert that her resignation was "involuntary."  *E.g.*, 0067 PFR File, Tab 4 at 2, 4, 10-12.  She also presents extensive allegations of agency impropriety, resulting in various losses, including the loss of her home, her credit, and her pets.  *E.g.*, *id.* at 4-6.  We will only address those arguments that implicate the whether the appellant's compensable injuries caused her separation.

pursuing other educational and career opportunities in April 1999, around the time of her application for early retirement and approximately 6 months before her separation. 0067 ID at 5; 0067 IAF, Tab 6 at 21, Tab 35, Hearing Recording (testimony of appellant). In addition, August 1999 emails from the appellant discuss her prior approval and plan for early retirement, effective September 1999. 0067 IAF, Tab 21 at 13-14. Those emails suggest the appellant was second-guessing the effective date of her early retirement, primarily because she wanted to ensure that she received credit for all accrued leave. *Id.* Those emails also contain a passing reference to a "kink" involving "a workman's comp issue, which has not been resolved," but do not suggest that the appellant was planning to separate as a result of her compensable injuries. *Id.*

¶14        In mid-September 1999, the appellant submitted a memorandum titled "leave of absence," indicating that she was withdrawing her application for retirement at the end of the month and requesting the use of all available paid leave "due to ambiguity regarding [her] job function and supervision and to search for a professional position, for the duration of [her OWCP] issues." *Id.* at 11. The next day, the appellant submitted her resignation letter. *Id.* at 12. That letter suggests that the appellant was dissatisfied with a requirement that she leave her current post and begin working on a different floor of the same building. *Id.* It includes a reference to "respiratory problems, some severe," but it does not clearly tie the two together or otherwise show that the appellant's compensable injuries were the cause of her separation. *Id.*

¶15        Although the appellant provided additional testimony about the reason for her separation, attributing it to her compensable injuries and working conditions, the administrative judge found that testimony not credible. 0067 ID at 2-3, 12-13. In making his credibility findings, the administrative judge considered the 16 years between the appellant's resignation and her testimony about that resignation, that contemporaneous records did not support her testimony, and that documentary evidence altogether disproved some of her specific claims.

*Id.*; *see Elder v. Department of the Air Force*, [124 M.S.P.R. 12](), ¶ 24 (2016) (finding it appropriate to assign greater weight to statements that were completed closer in time to the events in question); *Hillen v. Department of the Army*, [35 M.S.P.R. 453](), 458 (1987) (identifying factors relevant to credibility determinations, including the contradiction of a witness's version of events by other evidence).

¶16      On review, the appellant reasserts that the agency failed to process numerous OWCP claims that she completed during the months leading up to her resignation and continuously assigned her to work in construction zones, contrary to her medical limitations. *E.g.*, 0067 PFR File, Tab 4 at 7-9, 11, 13, 16-17. However, she has failed to identify any supportive documentation. Therefore, it appears that the appellant is relying solely on her testimony about these matters, which the administrative judge generally found not credible. Although we have considered the appellant's arguments, we find no basis for disturbing the administrative judge's well-reasoned credibility findings. *See Haebe v. Department of Justice*, [288 F.3d 1288](), 1301 (Fed. Cir. 2002) (recognizing that the Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so).

¶17      Although similarly unsupported by references to documentary evidence, the appellant's petition for review contains several allegations that lend further support to the administrative judge's conclusion that she failed to prove that her resignation was substantially related to her compensable injuries. The appellant acknowledges applying for paralegal school that began in April 1999, not attending at that time due to financial constraints, but attending soon after her October 1999 resignation. 0067 PFR File, Tab 4 at 11. She also acknowledges applying for "fiscal service" jobs in July 1999, months before her resignation, and asserting that she "had never had a job commensurate with the management level

grade [she] had worked hard to get or the [education she] had attained." *Id.* at 12. Moreover, the appellant generally describes the assignment she received just before her resignation as unsatisfactory, both because she was needed at her old assignment and because there was insufficient work at the new assignment. *Id.* at 14-16. These allegations suggest the appellant planned to resign or retire from her nursing position with the agency for reasons other than her compensable injuries.

¶18    The appellant argues that OWCP already determined that she was absent from her position due to a compensable injury and the administrative judge lacked the authority to conclude otherwise. *Id.* at 21 (referencing 0067 IAF, Tab 10 at 12). However, in doing so, the appellant is mischaracterizing the content and relevance of the letter she references. That OWCP letter does evidence that the appellant suffered a compensable injury. 0067 IAF, Tab 10 at 12; *see Frye v. U.S. Postal Service*, 102 M.S.P.R. 695, ¶ 9 (2006) (recognizing that a compensable injury is defined as one that is accepted by OWCP as job-related and for which medical monetary benefits are payable from the Employees' Compensation Fund). The OWCP letter does not, however, include any conclusion, much less a binding conclusion, that the appellant separated as a result of a compensable injury. 0067 IAF, Tab 10 at 12; *see Minor v. Merit Systems Protection Board*, 819 F.2d 280, 283 (Fed. Cir. 1987) (explaining that "a decision of OWCP . . . 'does not bind' the [Board] acting within its own separate statutory sphere of deciding the propriety of restoration").

¶19    Finally, the appellant asserts that the administrative judge disallowed a key witness she requested. 0067 PFR File, Tab 4 at 24. When requesting this witness (an agency official), the appellant indicated that he would be asked to testify about a statement he made during settlement discussions. 0067 IAF, Tab 20 at 2. His statement essentially suggested it was unlikely that the agency would reemploy the appellant. *Id.* Although the appellant's petition does not contain any substantive argument as to why the witness should have been allowed, we

considered the administrative judge's ruling and find no abuse of discretion. *See Ryan v. Department of the Air Force*, [117 M.S.P.R. 362](#), ¶ 5 (2012) (recognizing that the Board will not reverse an administrative judge's rulings on discovery matters and the exclusion of witnesses, absent an abuse of discretion). The offered testimony is not relevant to the dispositive issue that is before us, whether the appellant's separation was substantially related to her on-the-job injuries.

¶20    In sum, it was the appellant's burden to prove all the elements of her restoration claim. *Supra* ¶ 12. Although we have considered her various arguments on review, we find no basis for disturbing the administrative judge's conclusion that she failed to prove at least one—that she was absent due to a compensable injury.[7]

On remand, the administrative judge must provide notice and an opportunity to prove any live discrimination or reprisal claim connected to this restoration appeal.

¶21    Throughout her pleadings below, the appellant has also referenced discrimination, 0067 IAF, Tab 1 at 3-4, Tab 9 at 2-5, 8, Tab 17 at 2-5, Tab 23 at 3-6, 9, 14, 17, and, to a lesser extent, reprisal, 0067 IAF, Tab 9 at 3, Tab 17 at 3, Tab 23 at 4. Notably, though, it is difficult to discern the extent to which the appellant was raising cognizable discrimination and reprisal claims in connection with this restoration appeal, as opposed to her merely describing

---

[7] As discussed further, below, we are remanding the appellant's discrimination and retaliation claims. To the extent the administrative judge suggested that such claims are alternate ways to show that a denial of restoration was arbitrary and capricious, this observation was incorrect. 0067 ID at 15-16. After the initial decision was issued, we clarified that the fact that an agency was motivated by discrimination or reprisal is immaterial to the determination of whether it arbitrarily and capriciously denied restoration. *Cronin v. U.S. Postal Service*, [2022 MSPB 13](#), ¶ 21. In any event, the administrative judge's observation is dicta here. He found, and we agree, that the appellant failed to prove her separation was substantially related to her compensable injury. 0067 ID at 12.

litigation history or other perceived improprieties unrelated to the restoration matter before us.

¶22    To illustrate, in her initial pleading, the appellant alleged a number of facts which "suggest[] discrimination in addition to violating restoration rights." 0067 IAF, Tab 1 at 3.    But a subsequent pleading repeatedly invokes "discrimination," while appearing to do so for the sole purpose of describing a history unrelated to any restoration claim.  0067 IAF, Tab 9 at 2-5, 8.  Then, in a later pleading, the appellant alleges that the "[a]gency simply refused to rehire" her, "stating affirmatively and with discriminatory animus . . . that 'reemployment is not an option.'"   0067 IAF, Tab 17 at 3.   The appellant's petition for review contains more of the same.  *E.g.*, 0067 PFR File, Tab 4 at 5-6, 10, 18.

¶23    The administrative judge did not adjudicate the merits of the appellant's discrimination or reprisal claims.  0067 ID at 15-16.  In light of subsequent development in our case law, we remand these claims.

¶24    While this case was pending on review, we issued a decision clarifying that the Board is required to adjudicate discrimination and reprisal claims raised in connection with a restoration appeal over which, as here, it has jurisdiction. *Desjardin v. U.S. Postal Service*, 2023 MSPB 6, ¶¶ 20-21.  However, the pro se appellant in this appeal has yet to be provided with proper notice of how to prove discrimination or reprisal in connection with this restoration appeal.  *E.g.*, 0067 IAF, Tabs 2-4, 18, 24.  In addition, it is evident that she did not abandon such claims because, among other things, she repeatedly referenced them both below and on review. *See supra* ¶ 21.  Accordingly, we find that the appellant, who was and remains pro se, has not waived the claims, and remand is required.  *See Thurman v. U.S. Postal Service*, 2022 MSPB 21, ¶¶ 17-18 (providing a nonexhaustive list of factors the Board will examine in determining whether an appellant waived or abandoned a previously identified affirmative defense, thus obviating the need to remand the appeal); *see also Burgess v. Merit Systems*

*Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985) (stating that an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue).

¶25    On remand, the administrative judge should give the appellant proper notice, as well as an opportunity to clarify what, if any, discrimination and reprisal claims she intended to present in connection with her restoration claim. *Compare Melnick v. Department of Housing and Urban Development*, 42 M.S.P.R. 93, 97 (1989) (recognizing that pro se pleadings are to be liberally construed), *aff'd*, 899 F.2d 1228 (Fed. Cir. 1990) (Table), *with Williams v. U.S. Postal Service*, 116 M.S.P.R. 377, ¶ 11 (2011) (explaining that a lack of representation does not excuse an appellant from complying with Board orders). The administrative judge must determine in the first instance whether the appellant has raised any discrimination and reprisal claims connected to this restoration appeal as to which she can and is seeking additional damages or corrective action, such that those claims are not moot. *See, e.g.*, *Jenkins v. Environmental Protection Agency*, 118 M.S.P.R. 161, ¶¶ 13-14 (2012) (remanding a removal appeal for adjudication of a whistleblower retaliation affirmative defense that could result in additional relief, notwithstanding the Board's reversal of the removal for other reasons); *Antonio v. Department of the Air Force*, 107 M.S.P.R. 626, ¶¶ 1, 6, 13-15 (2008) (remanding a removal appeal, notwithstanding the agency's rescission of the removal, for adjudication of a national origin discrimination claim that could result in additional relief, but not an age discrimination claim that could not result in additional relief). Depending on the nature of her clarified allegations, the administrative judge must also determine whether the appellant is entitled to a supplemental hearing. *See Sabio v. Department of Veterans Affairs*, 124 M.S.P.R. 161, ¶ 28 (2017) (explaining the limited circumstances in which when an administrative judge may dispose of a discrimination affirmative defense without a hearing).

**ORDER**

¶26     For the reasons discussed above, we REMAND this case to the regional office for further adjudication in accordance with this Remand Order.[8]


FOR THE BOARD:                                    /s/ for
                                        ———————————————
                                        Jennifer Everling
                                        Acting Clerk of the Board
Washington, D.C.

---

[8] In the remand initial decision, the administrative judge should incorporate his prior findings that we have affirmed, along with our other findings herein.  The remand initial decision will include appeal rights for all claims.